## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SARA PICKETT | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | NO.: 1:24-cv-00537-DFB |
| NORTH CHRISTOPHER MENGES, | : | |
| ET AL. | : | |
| | : | |
| | : | |
| Defendants. | : | |
| | : | |

### ORDER

**AND NOW**, this _____ day of _____, 2023, upon consideration of the Motion to Dismiss Plaintiff's *Pro Se* Complaint of defendant Joshua Harshberger, Esquire, it is hereby **ORDERED** that defendant's Motion is **GRANTED**, and all claims asserted against defendant Joshua Harshberger, Esquire in Plaintiff's *Pro Se* Complaint are dismissed.

BY THE COURT:

_____

J.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SARA PICKETT | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | NO.: 1:24-cv-00537-DFB |
| NORTH CHRISTOPHER MENGES, | : | |
| ET AL. | : | |
| | : | |
| | : | |
| Defendants. | : | |
| | : | |

## DEFENDANT JOSHUA HARSHBERGER, ESQUIRE'S MOTION TO DISMISS PLAINTIFF'S *PRO SE* COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)

Defendant, Joshua Harshberger, Esquire ("moving defendant"), by and through his counsel, Marshall Dennehey P.C., files this Motion to Dismiss Plaintiff's *Pro Se* Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

Fed. R. Civ. P. 12(b)(6) provides for the dismissal of a Complaint for failure to state a claim upon which relief may be granted.  The purpose of a 12(b)(6) motion is to test the legal sufficiency of the complaint and to "streamline litigation by dispensing with needless discovery and fact finding."  *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989).  To avoid dismissal under Rule 12(b)(6), a complaint must provide "enough factual

matter" to allow the case to move beyond the pleading stage of litigation; the pleader must "nudge his claims across the line from conceivable to plausible." *Phillips v. Cnty. of Alleghany*, 515 F.3d 224, 234-35 (3d Cir. 2008) (quoting *Bell Atlantic Co. v. Twombly*, 550 U.S. 544, 556 (2007). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement' to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "Threadbare recitals of the elements of a cause of action, supported by conclusory statements [are] not suffic[ient] to defeat a Rule 12(b)(6) motion to dismiss." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

For the reasons stated herein, as well as those reasons more fully articulated in moving defendant's Supporting Brief, which is incorporated herein by reference, moving defendant respectfully requests that this Honorable Court grant its Motion and dismiss all claims asserted against moving defendant in plaintiff's *Pro Se* Complaint.

**MARSHALL DENNEHEY, P.C.**

BY: _____
JOSH J.T. BYRNE, ESQUIRE
PA Attorney Identification No. 85474
Email: jtbyrne@mdwcg.com
2000 Market Street, Suite 2300
Philadelphia, PA 19103
Phone: 215-575-2805
Attorney for Defendant,
Joshua Harshberger, Esquire

Date: 5/6/24

3

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SARA PICKETT | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | NO.: 1:24-cv-00537-DFB |
| NORTH CHRISTOPHER MENGES, | : | |
| ET AL. | : | |
| | : | |
| | : | |
| Defendants. | : | |
| | : | |

### CERTIFICATE OF SERVICE

I, Josh J.T. Byrne, Esquire, do hereby certify that a true and correct copy of the Motion to Dismiss Plaintiff's Amended *Pro Se* Complaint on behalf of defendant Joshua Harshberger, Esquire, was electronically filed with the Court this date and is available for viewing and downloading from the ECF System.

**MARSHALL DENNEHEY, P.C.**

BY: _____
JOSH J.T. BYRNE, ESQUIRE
PA Attorney Identification No. 85474
Email: jtbyrne@mdwcg.com
2000 Market Street, Suite 2300
Philadelphia, PA 19103
Phone: 215-575-2805
Attorney for Defendant,
Joshua Harshberger, Esquire

Date: 5/6/24

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SARA PICKETT | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | NO.: 1:24-cv-00537-DFB |
| NORTH CHRISTOPHER MENGES, ET AL. | : | |
| | : | |
| | : | |
| Defendants. | : | |
| | : | |

## DEFENDANT JOSHUA HARSHBERGER, ESQUIRE'S BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S *PRO SE* COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)

## I.    INTRODUCTION

Defendant Joshua Harshberger, Esquire ("moving defendant"), by and through his counsel, Marshall Dennehey P.C., moves this Court pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss the allegations against it in plaintiff's *Pro Se* Complaint. The grounds upon which moving defendant's Motion is based are set forth below.

1

## II.    **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On or about March 29, 2024, plaintiff initiated this action by *Pro Se* Complaint filed in the United States District Court for the Middle District of Pennsylvania.  *See* Plaintiff's *Pro Se* Complaint, attached hereto as Ex. 1. [1]

This action arises from litigation concerning a child custody matter where the subject children's paternal grandfather filed a petition to intervene seeking visitation with the children.  *See S.P. v. K.H. & B.H.*, 772 EDA 2023 *non-precedential* (Pa. Super. Jan. 3, 2024), attached hereto as Ex. 2.[2] Moving defendant represents the intervenor grandfather in the underlying litigation.

---

[1] Plaintiff appears to have misstated the origin of this suit on the Civil Cover Sheet in commencing this action. *See* Ex. 1. Plaintiff indicated this action was "Removed from State Court," yet Plaintiff's Complaint does not invoke Removal Jurisdiction (28 U.S. Code § 1441).

[2] To evaluate a motion to dismiss, the court may consider the allegations contained in the complaint, exhibits attached to or incorporated by reference into the complaint, matters of public record and records of which the court may take judicial notice. *See Sowell v. Altoona Police Department*, 2024 WL 1477082, at *2 (3d Cir. 2024); *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993). "…[A] document *integral to or explicitly relied* upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment." *Schmidt v. Skolas*¸ 770 F.3d 241, 249 (3d Cir. 2014) (emphasis in original, internal quotations and citations omitted). Accordingly, on a motion to dismiss, the court may consider an "undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document" since "[o]therwise, a plaintiff with a legally deficient claim could survive a

On August 2, 2021, moving defendant, on behalf of his client, filed a Petition to Intervene in Lebanon County, Pennsylvania. *See* Ex. 1 at 4; *see also* Petition to Intervene, attached hereto as Ex. 3. Per a Superior Court Opinion affirming a September 7, 2022 order of the Trial Court confirming its June 2, 2022 order awarding partial custody to their paternal grandfather in the underlying matter, "Mother [Sara Pickett] and Kristoffer Hexter ("Father") have been involved in custody proceedings since 2018." *Sara Pickett v. Kristoffer Hexter and Bruce Hexter*, 1417 MDA 2022 *non-precedential* (Pa. Super. Mar. 8, 2023), attached hereto as Ex. 4. "Pursuant to a January 23, 2019 custody order, Mother and Father had shared legal and physical custody of Children until Father was charged with sexually based offenses, prompting Mother to file a Petition to Modify Custody, requesting sole legal and physical custody, and Paternal Grandfather to file [the August 2, 2021] Petition to Intervene, requesting visitation." *Id.* "The court scheduled a custody trial, [and] during this time, Father pleaded no contest and was subsequently sentenced to a term of 4½ to 10 years' incarceration." *Id.*

---

motion to dismiss simply by failing to attach a dispositive document on which it relied." *Pension Benefit*, 998 F.2d at 1196 (citation omitted).

Following a Motion to Transfer filed by plaintiff, the matter was transferred to York County, Pennsylvania on September 10, 2021. *See* Motion to Transfer Jurisdiction, attached hereto as Ex. 5; *see also* Order Transferring Jurisdiction, attached hereto as Ex. 6. During the course of the proceedings following transfer to the York County Court of Common Pleas, the Trial Court issued an Order modifying custody. *See* Trial Court Order, 6/2/22, attached hereto as Ex. 7.[3] This Order also states that "[i]f either the father or [intervenor] grandfather believe mother has not obeyed the Court Order, either of their counsel may file a petition for contempt...". *Id.* at 3. Moving defendant did file a petition for contempt, which the Trial Court granted on May 9, 2023. *See* Trial Court Order, 5/9/23, attached hereto as Ex. 9.

The underlying child custody litigation is still ongoing. On June 28, 2023, moving defendant filed a Petition for Modification of Custody Orders. *See* Ex. 1 at 6. Plaintiff filed a motion to dismiss which was denied on July 17, 2023. *Id.* A pretrial conference is scheduled for June 4, 2024.

In the instant Complaint, plaintiff has brought four claims against moving defendant: two claims pursuant to 42 U.S.C. § 1983 (Counts II and

---

[3] This Order is based off of a previous temporary order dated April 7, 2022, which for context is attached hereto as Ex. 8.

III), one claim pursuant to 42 U.S.C. § 1985 (Count VII), and one count of "State Tort of Civil Conspiracy" (Count IX).

## III.  <u>STATEMENT OF QUESTIONS INVOLVED</u>

1. Should plaintiff's *Pro Se* Complaint as against moving defendant be dismissed for legal insufficiency, *i.e.* failure to plead a viable claim against moving defendant?

   Suggested Answer:     Yes.

## IV.  <u>LEGAL STANDARD</u>

Fed. R. Civ. P. 12(b)(6) provides for the dismissal of a Complaint for failure to state a claim upon which relief may be granted.  The purpose of a 12(b)(6) motion is to test the legal sufficiency of the complaint and to "streamline litigation by dispensing with needless discovery and fact finding."  *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989).  To avoid dismissal under Rule 12(b)(6), a complaint must provide "enough factual matter" to allow the case to move beyond the pleading stage of litigation; the pleader must "nudge his claims across the line from conceivable to plausible." *Phillips v. Cnty. of Alleghany*, 515 F.3d 224, 234-35 (3d Cir. 2008) (quoting *Bell Atlantic Co. v. Twombly*, 550 U.S. 544, 556 (2007)). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement' to relief requires more than labels and conclusions, and a formulaic recitation

of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

"Threadbare recitals of the elements of a cause of action, supported by conclusory statements [are] not suffic[ient] to defeat a Rule 12(b)(6) motion to dismiss." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

### V.    ARGUMENT

#### A. Plaintiff's Civil Rights Claims Warrant Dismissal

##### i.    42 U.S. § 1983

Plaintiff's conclusory claims of Deprivation of Rights (42 U.S.C. § 1983) pled against moving defendant should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) because plaintiff has failed to state a claim upon which relief may be granted against moving defendant.

The elements of a deprivation of rights claim are a deprivation of one's civil rights, done by one who is acting under color of law; *i.e.,* a state official. *Kalina v. Fletcher*, 522 U.S. 118, 123, 118 S. Ct. 502, 506, 139 L. Ed. 2d 471 (1997); 42 U.S.C. § 1983.  Notably, an attorney acting in a professional capacity on behalf of her clients in enforcing the clients' presumed rights does not incur liability under the statute if another's civil rights are violated pursuant to her advice. *See Tunheim v. Bowman*, 366 F. Supp. 1395 (D. Nev. 1973) ("Although a private individual acting alone under an unconstitutional state statute acts under color of law, [*Brown v.*

*Dunne*, 409 F.2d 341 (7th Cir. 1969)] demonstrates that the individual's attorney representing him in litigation under that statute does not, based solely on that attorney-client relation, act under color of law") (some formatting altered); *Cooper v. Wilson*, 309 F.2d 153, 154 (6th Cir. 1962) ("Appellee, acting as a private lawyer, charged with making false statements in sanity proceedings which resulted in appellant's commitment to Longview State Hospital, a mental institution, was not amenable to action based on civil rights statute").

Plaintiff cannot meet the elements of these claims in the absence of supporting factual averments and where, as here, prevailing case law dictates that plaintiff's claims warrant dismissal. Without factual averments to support the contention that moving defendant was somehow acting under color of law, what rights moving defendant allegedly deprived plaintiff of, as well as how exactly moving defendant *caused* this alleged deprivation, plaintiff cannot sustain this action against moving defendant. Plaintiff offers no discernable factual support to prove her contentions. *See United States v. McKye*, 737 F. App'x 386, 389 n.1 (10th Cir. 2018) (stating that the Court would liberally construe the *Pro Se* appellant's filings but "will not act as his advocate") (citing *James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013)).

Thus, plaintiff's deprivation of rights claims against moving defendant should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted where there are no viable legal claims pled against moving defendant.

### ii.    <u>42 U.S.C. § 1985</u>

Plaintiff's conclusory claim of Conspiracy Against Rights (18 U.S.C. § 1985) pled against moving defendant should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) because plaintiff has failed to state a claim upon which relief may be granted against moving defendant.

Plaintiff does not state which subsection of § 1985 she means to proceed under, but the heading of Count VII seems to point to subsection 3, regarding deprivation of rights. The elements for a claim under § 1985(3) are: "(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is injured in his person or property or deprived of any right or privilege of a citizen of the United States." *Suber v. Guinta*, 902 F. Supp. 2d 591, 608 (E.D.Pa. 2012) (internal citations omitted). "An allegation of conspiracy is insufficient to sustain a cause of action under [section 1985]; it is not enough to use the term

'conspiracy' without setting forth supporting facts that tend to show an unlawful agreement." *Id.* "Although section 1985(3) applies to private conspiracies, it was not intended to provide a federal remedy for all tortious, conspiratorial interferences with the rights of others, or to be a general federal tort law." *Id.* (internal punctuation and citations omitted). "Thus, because section 1985(3) requires 'the intent to deprive of equal protection, or equal privileges and immunities,' a claimant must allege 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action' in order to state a claim." *Id.*

Here, as above, Plaintiff provides no examples of how moving defendant took an action in furtherance of a conspiracy to deprive her of constitutional rights. *See* Ex. 1 at 12. The only mention of moving defendant within this Count is with respect to moving defendant's filing of petitions for contempt. *Id.* Plaintiff seems to believe that the Trial Court Judge's orders "prompt[ed the underlying defendants] to file a Petition for Contempt," without citing to which Order Plaintiff refers to. *Id.* Yet, assuming it was the June 2, 2022 Order referenced *supra*, that order simply *permits* defendants to file a petition: "[i]f either the father or [intervenor] grandfather believe mother has not obeyed the Court Order, either of their counsel may file a petition for contempt...". *See* Ex. 7.

9

Likewise, Plaintiff does not at all point to "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action," which is necessary to state a claim. *Suber,* 902 F. Supp. 2d. at 608. Thus, plaintiff's § 1985 claim against moving defendant should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted.

## B. State Tort of Civil Conspiracy

Plaintiff's conclusory claim of State Tort of Civil Conspiracy pled against moving defendant should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) because plaintiff has failed to state a claim upon which relief may be granted against moving defendant.

"To state a civil action for conspiracy, a complaint must allege: (1) a combination of two or more persons acting with a common purpose to do an unlawful act or to do a lawful act by unlawful means or unlawful purpose; (2) an overt act done to further the common purpose, and (3) actual legal damage." *DeBlasio v. Pignoli*, 918 A.2d 822, 826 (Pa. Commw. Ct. 2007). Pennsylvania courts consistently require "that proof of conspiracy must be made by full, clear and satisfactory evidence." *Fife v. Great Atlantic & Pacific Tea Co.*, 356 Pa. 265, 52 A.2d 24, 37 (Pa. 1947).  A civil conspiracy claim may proceed only when there is a cause of action for

an underlying act. *Nix v. Temple Univ.*, 596 A.2d 1132, 1137 (Pa. Super. Ct. 1991). "Since liability for civil conspiracy depends on performance of some underlying tortious act, the conspiracy is not independently actionable; rather, it is a means of establishing vicarious liability for the underlying tort." *Boyanowski v. Capital Area Intermediate Unit*, 215 F.3d 396, 407 (3d Cir. 2000) (*citing Halberstam v. Welch*, 705 F.2d 472, 479, 227 U.S. App. D.C. 167 (D.C. Cir. 1983)). Parallel conduct or bald assertions thereof are insufficient to properly plead civil conspiracy. *Petula v. Mellody,* 138 Pa. Commw. 411, 419, 588 A.2d 103, 107 (1991). Rather, plaintiff must set forth facts supporting the existence of a conspiracy, such as meetings, conferences, telephone calls or written statements. *Id.* at 419, 588 A.2d at 107.

Proof of agreement and malicious intent are essential to stating a claim for conspiracy, and the fact that two or more people are acting to do something at the same time is not by itself an actionable conspiracy. *Kist v. Fatula*, No. 3:2006-67, 2007 U.S. Dist. LEXIS 60615, at *26 (W.D. Pa. Aug. 17, 2007) *citing to*, *Burnside*, *supra*. Proof of malice is an essential part of a cause of action for conspiracy. *Thompson Coal Co. v. Pike Coal Co.*, 488 Pa. 198 at 211, (1979).  An action will lie only where the sole purpose of the conspiracy is to cause harm to the party who claims to be injured. *Id.*

("Proof of malice, i.e., an intent to injure, is essential in proof of conspiracy... There are no facts of record which indicate that [appellee] acted solely to injury appellants").

In interpreting *Thompson Coal*, courts have construed the malice element narrowly as requiring proof that the sole purpose of the conspiracy is to cause harm to the party who has been injured. Malice can only be found "when the sole purpose of the conspiracy is to cause harm to the party who has been injured." *Jeter v. Brown & Williamson Tobacco Corp.*, 294 F. Supp. 2d 681, 688 (W.D. Pa. 2003), (*emphasis added, citing to, Spitzer v. Abdelhak*, CIVIL ACTION NO. 98-6475, 1999 U.S. Dist. LEXIS 19110, at *31 (E.D. Pa. Dec. 15, 1999).

Importantly to the present complaint, an attorney cannot conspire with his client. The issue was squarely addressed in *Heffernan v. Bochetto & Lentz*, 189 F.3d 405 (3d Cir. 1999), where the court found there is a "ban on conspiracies in the attorney-client context," and that no conspiracy can exist where an attorney's advice or advocacy is for the benefit of his client, rather than for the attorney's sole personal benefit. *Id.* at 413.

The *Heffernan* court found, based on compelling need for a client to seek independent and zealous counsel, no conspiracy can exist based on an attorney's advice or advocacy of his client and can only exist upon proof of

12

self-interested activity due to a stake by the lawyer in the transaction which is other than a mere professional interest.  *Id.* at 414; *Worldwide Marine Trading v. Marine Transport Service*, 527 F. Supp. 581, 586 (E.D. Pa. 1981) (There is "an important societal interest in protecting the lawyer from third-party lawsuits" and thus requires a showing of a knowingly fraudulent or tortious action by the lawyer before permitting third-party recovery from the lawyer.); *Rutherford v. Presbyterian-University Hospital*, 417 Pa. Super. 316, 612 A.2d 500, 508 (1992); *Nix v. Temple University*, 408 Pa. Super. 369, 596 A.2d 1132, 1137 n.3 (1991); *Aetna Electroplating Co., Inc. v. Jenkins*, 335 Pa. Super. 283, 484 A.2d 134, 137 (1984) (Where attorney acted in accordance with the instructions of his client, allegations were insufficient to substantiate claim for concerted tortious activity involving attorney and client.); *Commonwealth v. Portnoy*, 129 Pa. Commw. 469, 566 A.2d 336, 340-41, n.10 (1989), *aff'd*, ____ Pa. ____, 612 A.2d 1349 (1992) (no cause of action for concerted tortious conduct is stated by alleging that the attorney acted at the direction and with authorization of the client especially in the absence of any indication that the attorney personally profited from the alleged improper conduct of the client); *Harvey v. Pincus*, 549 F.Supp. 332 (E.D. Pa. 1982)(attorney not liable for tortious conduct of the client in the absence of any inducement or encouragement); *Bowdoin v. Oriel*, 2000

U.S. Dist. LEXIS 888 (E.D. PA. 2000) (no cause of action for conspiracy exists against a lawyer arising out of the lawyer's participation as a professional and lawyers are not subject to conspiracy liability for advising or serving their clients); *see also Andrekovich v. PennPrime Liab. Trust*, 2013 U.S. Dist. LEXIS 29781 (W.D. Pa. 2013) ("Liability may attach in such settings only where the attorney acts solely in a personal capacity and not within the scope of the attorney-client agency").

Attorneys are generally considered to be agents of their clients in the litigation context. According to the intracorporate conspiracy doctrine, a "single entity cannot conspire with itself and, similarly, agents of a single entity cannot conspire among themselves." *Brobst v. Crossett*, 2017 WL 2377729, at *5 (E.D. Pa. 2017). The intracorporate conspiracy doctrine applies in the attorney-client context, and "[w]hen an attorney's alleged conspiratorial conduct occurs within the scope of representation, the conduct cannot be characterized as actionable conspiracy." *Egan v. InSearch Partners*, No. CV 18-1563, 2019 WL 220136, at *2 (E.D. Pa. 2019) *citing Evans v. Chichester Sch. Dist.*, 533 F.Supp.2d 523, 529 (E.D. Pa. 2008).

In other words, unless an attorney is "'acting in a purely personal capacity,' the intracorporate conspiracy doctrine applies." *Sung Tran v.*

*Delavau, LLC*, 2008 WL 2051992, at *11 (E.D. Pa. May 13, 2008). Plaintiff cannot maintain a claim for civil conspiracy in the context of this action as she has not alleged the attorney defendant was acting in a purely personal capacity.

Here, Plaintiff does not explain which underlying actionable behavior moving defendant engaged in. *Nix*, 596 A.2d at 1137. Plaintiff states moving defendant and others "conspired to deprive Plaintiff of fundamental rights by entry of erroneous orders [and] to retaliate and intimidate Plaintiff for refusing to settle and waive her rights and for seeking relief from these orders," yet does not state what underlying violation of law is. *See* Ex. 1 at 14. Plaintiff merely puts forward a bald assertion impermissible under *Iqbal* that "the action underlying this conspiracy are illegal under the United States Constitution's First, Third, Fourth, Fifth, Ninth, and Fourteenth Amendments." 556 U.S. 662; Ex. 1 at 14.  Plaintiff also says "[t]his deprivation under color of law is actionable and may be redressed by 42 U.S.C. § 1983 and 28 U.S.C. § 1367." *Id*. This barebones allegation also does not comport to *Iqbal*; yet, even if it did, as stated *supra*, Plaintiff has not stated a claim under 42 U.S.C. § 1983. 556 U.S. 662. Moreover, 28 U.S.C. § 1367 establishes supplemental jurisdiction and does not in and of itself define a violation of law. Plaintiff cannot establish the necessary

element of an underlying violation of law in order to state a claim for civil

conspiracy.

## VI.    **RELIEF REQUESTED**

Based on the foregoing, moving defendant Joshua Harshberger,

Esquire, respectfully requests that his Motion to Dismiss Plaintiff's *Pro Se*

Complaint is granted and that an Order is entered dismissing all claims

against defendant Joshua Harsberger, Esquire.


Respectfully submitted,

**MARSHALL DENNEHEY, P.C.**

BY: _____
JOSH J.T. BYRNE, ESQUIRE
PA Attorney Identification No. 85474
Email: jtbyrne@mdwcg.com
2000 Market Street, Suite 2300
Philadelphia, PA 19103
Phone: 215-575-2805
Attorney for Defendant,
Joshua Harshberger, Esquire

Date: 5/6/24

16

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SARA PICKETT | : |
| | : |
| Plaintiff | : |
| | : |
| v. | : |
| | : |
| NORTH CHRISTOPHER MENGES, | : |
| ET AL. | : |
| | : |
| | : |
| Defendants. | : |
| | : |

NO.: 1:24-cv-00537-DFB

## <u>CERTIFICATE OF SERVICE</u>

I, Josh J.T. Byrne, Esquire, do hereby certify that a true and correct copy

of the foregoing Brief in Support of Motion to Dismiss Plaintiff's *Pro Se*

Complaint on behalf of Defendant Joshua Harshberger, Esquire, was

electronically filed with the Court on this date and is available for viewing

and downloading from the ECF System.

**MARSHALL DENNEHEY, P.C.**

BY: _____
JOSH J.T. BYRNE, ESQUIRE
PA Attorney Identification No. 85474
Email: jtbyrne@mdwcg.com
2000 Market Street, Suite 2300
Philadelphia, PA 19103
Phone: 215-575-2805
Attorney for Defendant,
Joshua Harshberger, Esquire

Date: <u>5/6/24</u>