Joshua Harshberger, Esquire
Supreme Court ID: 319814
Jacobson, Julius & Harshberger
8150 Derry Street, Ste A
Harrisburg, PA 17111
Ph: 717-909-5858 F: 717-909-7788
Email: jh@harshbergerlaw.com

## IN THE COURT OF COMMON PLEAS YORK COUNTY, PENNSYLVANIA

| | |
|---|---|
| SARA PICKETT,<br>     Plaintiff | :<br>:<br>: |
| v. | :<br>: |
| KRISTOFFER HEXTER,<br>     Defendant | :    No. 2021-FC-001007-03<br>:<br>: |
| v. | :<br>: |
| BRUCE HEXTER,<br>     Intervenor | :<br>: |

### PETITION FOR MODIFICATION OF A CUSTODY ORDER

AND NOW, comes Petitioner/Intervenor, Bruce Hexter, by and through his counsel, Joshua Harshberger, Esquire, of Jacobson, Julius & Harshberger, and files the within Petition for Modification of a Custody Order, and in support thereof states the following:

1. Petitioner is Bruce Hexter (hereinafter "Grandfather"), an adult individual residing at 1472 Bramblewood Court, Pottstown, PA 19464.

2. Respondent is Sara Pickett (hereinafter "Mother"), an adult individual with a last known residential address of 278 Coventry at Waterford, York, PA 17402 with a mailing address of 2159 White Street, Suite 3, Box 142, York, PA 17404.

3. The parties are the natural parent and paternal grandfather of minor child R.H. (YOB 2015) and Mother is the natural parent of minor child A.P. (YOB 2013), who is covered in these custody proceedings.

1

4. By decision of the Court, Orders of Court dated April 7, 2022, June 2, 2022 and September 6, 2022 were entered granting Mother sole legal custody and primary physical custody with Grandfather having rights to legal information and partial physical custody of the minor children. A true and correct copy of the Orders are attached hereto as Exhibit "A" and incorporated herein.

5. It is in the best interest of the children that custody should be modified and grant Grandfather shared legal and shared physical custody for the following reasons:

    a. Mother currently resides with the children at an unknown address and is refusing to communicate with Grandfather;

    b. Mother has not been present at the exchange location the last three (3) Saturdays and is withholding the children from Grandfather during his custodial time;

    c. Mother does not answer any of Grandfather's phone calls or text messages and does not allow the children to communicate with Grandfather;

    d. Mother is intentionally alienating the children from Grandfather and speaks ill of the Grandfather in front of the children;

    e. Grandfather is willing and able to care for the children.

6. Petitioner has filed a completed Criminal Record/Abuse History Verification form required pursuant to Pa. R. C. P. No. 1915.3-2.

WHEREFORE, Petitioner requests that this Honorable Court modify the existing Orders to be in the best interest of the minor children and grant Petitioner shared legal and shared physical custody of the minor children.

Respectfully submitted,

JACOBSON, JULIUS & HARSHBERGER

Date: 6/27/23

By: _____
Joshua Harshberger, Esquire
8150 Derry Street, Ste A
Harrisburg, PA 17111
Ph: 717-909-5858
F: 717-909-7788
Email: jh@harshbergerlaw.com

IN THE COURT OF COMMON PLEAS OF YORK COUNTY,

PENNSYLVANIA

SARA PICKETT,           :   No. 2021-FC-001007-03
    Plaintiff   :
                   :
VS                       :
                   :
KRISTOFFER HEXTER,       :
    Defendant   :
                   :
VS                       :
                   :
BRUCE HEXTER,            :
    Intevenor   :

(Custody Trial)

York, Pa., Thursday, April 7, 2022

Before the Honorable N. Christopher Menges, Judge

APPEARANCES:

    Josh Bodene, Esquire
    For the Plaintiff

    Joshua A. Harshberger, Esquire
    For the Defendant
    For the Intervenor

             \*   \*   \*

TEMPORARY ORDER OF CUSTODY

25          In this matter, this custody trial needs

1

EXHIBIT
A

completed. Mother has to put on her case, and the Court has been advised that should take an hour to an hour-and-a-half.

Accordingly, the Court does schedule this to be finished on June 2, 2022, at 1:30 p.m. The Court has allowed one-and-a-half hours to finish this. Father and/or grandfather may participate by Zoom rather than live if they so prefer.

In the meantime the Court issues the following temporary order:

First of all, for both of these children, Riley and Aubrey, mother has sole legal and sole physical custody. However, for both children, mother will furnish to father all educational, medical, counseling, and all other records to father within 48 hours of her receiving them by her putting them in the United States mail postage prepaid within 48 hours of her receiving them. Hopefully, father will receive them somewhat shortly thereafter.

The Court is cognizant that the United States mail takes a long time these days. But father doesn't seem to have any other way of receiving these

```
 1
 2
 3
 4   things. So for now, mother will send them to father
 5   through the United States mail. When mother sends
 6   records to father, confidential information such as
 7   social security numbers may be redacted.
 8           Mother may also choose to mail the
 9   documents to Attorney Harshberger who will then mail it
10   to father through attorney records. I will leave that
11   to the parties to work that out.
12           Additionally, father may have phone
13   contact with Riley only for up to 30 minutes one time
14   per week, and it can be by Zoom or other video. The
15   times will be agreed to by the parties. Additionally,
16   father may write letters to Riley through mother.
17           Father is to have no contact with Aubrey
18   in any way at any time until further order of court.
19           Grandfather, also known as Pop Pop, will
20   have partial physical custody of both children one time
21   per month for ten hours. That will be on a Saturday
22   from 9 a.m. until 7 p.m. The first Saturday will be
23   this coming Saturday, April 9, 2022, and the second
24   Saturday of each month thereafter.
25           Pop Pop, Mr. Bruce Hexter, will both
```

```
 1
 2
 3
 4    pick up the children at mother's residence and deliver
 5    the children to mother's residence at the conclusion of
 6    the ten hour time period.
 7              Additionally, the grandfather, also
 8    known as Pop Pop, may have phone or video times with
 9    these two children as he may arrange with mother; but
10    they should be at least three times per month.
11              Finally, mother is ordered to contact a
12    therapist of her choice and try to commence some
13    therapy for Aubrey to at the very least deal with her
14    issues relative to her biological father or
15    psychological father, which she refers to as her
16    brother's father, the interplay of that issue, as well
17    as the fact that her brother's father, the
18    psychological father, is currently incarcerated and
19    will be for some time.  Obviously, the therapist can
20    address other issues as the therapist may deem
21    appropriate.
22              Both counsel will have access to any and
23    all contact with or records by said therapist.  This is
24    a temporary order only until we finish this trial on
25    June 2, 2022.
```

Copies to Attorneys Harshberger and Bodene.

BY THE COURT:

_____
N. Christopher Menges, Judge

sar
4/8/2022
No. 2021-FC-001007-03

IN THE COURT OF COMMON PLEAS OF YORK COUNTY,

PENNSYLVANIA

SARA PICKETT            :    No. 2021-FC-001007-03
                        :
    VS                  :
                        :
KRISTOFFER HEXTER       :
                        :
    &                   :
                        :
BRUCE HEXTER            :
                        :
                             (CUSTODY TRIAL)

York, Pa., Thursday, June 2, 2022

Before the Honorable N. CHRISTOPHER MENGES, Judge

APPEARANCES:

    JOSHUA A. SCOTT HARSHBERGER, Esquire
    For the Defendant and Intervenor

\* \* \*

### O R D E R

22    In this matter the Court has taken

23 testimony part of two days over a two or three month

24 period. It is the final Order in this matter as

25 follows: The temporary Order of April 7, 2022 in this

1

```
14:49:28   1    matter is confirmed in full except with a couple of
14:49:33   2    small changes. Those small changes are as follows:
14:49:41   3    Pop Pop, Bruce Hexter's Saturday times will be the
14:49:49   4    second and fourth Saturdays of each month. An
14:49:57   5    additional change is that the three times per month for
14:50:00   6    Pop Pop to have phone or video or equivalent will be
14:50:06   7    Monday at 6:00 p.m. on the first Monday of each month,
14:50:10   8    the third Monday of each month, and the fifth Monday of
14:50:15   9    each month if there is a fifth Monday.
14:50:18  10              Mother, father, and Pop Pop,
14:50:22  11    grandfather, will have their communications through
14:50:25  12    OurFamilyWizard. Grandfather, Bruce Hexter, will
14:50:30  13    within ten days of this Order sign up and pay for the
14:50:34  14    annual fee for OurFamilyWizard and provide the
14:50:38  15    information to father if he can do that through the
14:50:41  16    prison, if he can't, that's okay, and will provide the
14:50:44  17    log in information for mother who will promptly join
14:50:48  18    OurFamilyWizard. All communications relative to these
14:50:54  19    children will be through OurFamilyWizard.
14:50:59  20              Additionally, mother will give to both
14:51:01  21    father and Pop Pop the portal communication, and if
14:51:05  22    necessary, the password so that they may go to the
14:51:09  23    school portal to receive information, records, and so
14:51:12  24    forth from the childrens school. Father may exercise
14:51:22  25    his time of talking with Riley only by calling Riley
```

2

```
14:51:35   1    when Riley is with Pop Pop.  Father will continue to
14:51:39   2    have no contact with Aubrey.  Mother will cause an
14:51:48   3    intake to have taken place for a therapist for Aubrey
14:51:53   4    and/or the family by August 1, 2022.
14:52:05   5                   Finally, we schedule a follow up hearing
14:52:11   6    with a date and time to be set forth in just a moment
14:52:14   7    as soon as we look at our calendars.  The purpose of
14:52:18   8    that follow up hearing will be to see how visits are
14:52:22   9    going, how telephone contact is going, and to confirm
14:52:25  10    that a initial intake with a therapist has taken place
14:52:30  11    as ordered in this Court Order today.  If either father
14:52:36  12    or grandfather believe mother has not obeyed the Court
14:52:41  13    Order, either of their counsel may file a petition for
14:52:47  14    contempt, and if the petition is so filed that contempt
14:52:51  15    will be heard at that follow up hearing.
14:52:55  16                   The Court wants to make it clear this is
14:52:59  17    a follow up hearing only to ensure things are going
14:53:01  18    well and that this Order is a final Order.
14:53:05  19    Nevertheless, the Court does want to make it very clear
14:53:10  20    to mother that if there is any more games playing by
14:53:17  21    mother on telephone contact or visits, the Court may at
14:53:23  22    the follow up hearing give either father and/or
14:53:28  23    grandfather expanded rights.
14:53:30  24                   The aforesaid follow up hearing will be
14:54:01  25    on September 6, 2022 at 10:00 a.m. in Courtroom 6005.
```

3

|          |    |                                                              |
|----------|----|--------------------------------------------------------------|
| 14:54:08 | 1  | Grandfather, his counsel, and mother will be in person.      |
| 14:54:14 | 2  | Father may be by Zoom. Any other witnesses may be by         |
| 14:54:18 | 3  | Zoom. If things are going well, a written stipulation        |
| 14:54:27 | 4  | from all parties would do in lieu of actual appearance,      |
| 14:54:32 | 5  | but if that does not happen, the follow up hearing will      |
| 14:54:36 | 6  | take place at the date and time aforesaid and everyone       |
| 14:54:41 | 7  | will be present as just indicated.                           |
| 14:54:47 | 8  | Copy to Attorney Harshberger. Copy to                        |
| 14:54:50 | 9  | mother, Sara Pickett, at 278 Coventry at Waterford           |
| 14:54:59 | 10 | York, PA 17402.                                              |
| 14:55:03 | 11 |                                                              |

BY THE COURT:

N. CHRISTOPHER MENGES, Judge

EMR
6-2-2022

OFFICE OF PROTHONOTARY
2022 SEP -7 PM 2:04

IN THE COURT OF COMMON PLEAS OF YORK COUNTY,
YORK, PA
PENNSYLVANIA

| | | |
|---|---|---|
| SARA PICKETT | : | No. 2021-FC-001007-03 |
| VS | : | |
| KRISTOFFER HEXTER and BRUCE HEXTER | : | |

(Custody Review Hearing)

York, Pa., Tuesday, September 6, 2022

Before the Honorable N. Christopher Menges, Judge

APPEARANCES:

JOSHUA A. SCOTT HARSHBERGER, Esquire
For the Defendant

\* \* \*

ORDER

In this matter the Court has held a review hearing. The result of that, the following is the Court's Order:

1. The Court Order of June 2, 2022, is

ratified and confirmed.

    2.  The Court Orders that mother will post all information relative to these children on the Our Family Wizard that the grandfather has set up. This includes, but is not limited to, all children's activities, school or otherwise, parent/teacher conferences, medical and dental and other appointments, incidents and things that happen.

    Said differently, mother will over communicate with grandfather about these children and what's going on with them.

    3.  Mother will immediately provide user name and password so that grandfather can get on the school portal. That may include her address information and so forth, but that is not something that she can keep private.

    4.  Mother will put on Our Family Wizard all information relative to the children's therapy or therapist and sessions and will immediately sign releases so that grandfather can talk to the therapist any time he wishes to do so.

    5.  The phone calls between grandfather, also known as Pop-Pop, and these children will occur.

They will occur with both children even if mother believes that one of the children does not want to talk to the grandfather. The children will talk to grandfather during phone calls as per the prior Order.

Finally, the Court schedules a second review hearing. The second review hearing will be December 13th, 2022, at 10:00 a.m. in courtroom 6005. The purpose of this review hearing will be:

1. The Court may give father and/or grandfather joint legal custody if it deems that in the best interest of these children.

Secondarily, the Court may or may not increase grandfather's physical custodial rights.

And finally, if father and/or grandfather files a petition for contempt, the hearing on December 13th may also be a contempt hearing.

The Court wants to make it very clear that mother's attitude towards grandfather and his getting information and records of these children has been deplorable. Mother needs to over communicate with grandfather by Our Family Wizard and other means. Grandfather needs to, if he can make it, go to the children's parent/teacher conferences and other

```
 1
 2
 3    activities of these children.
 4              Mother has been cavalier about following
 5    the prior Orders of this Court, and the Court hereby
 6    admonishes mother and makes it very clear to her that
 7    this Court will not allow its Orders to be disobeyed
 8    and warns mother most severely that if this
 9    disobedience continues and a contempt petition is filed
10    and she is found in contempt, the sanctions could be
11    dire.  As stated earlier, mother needs to over
12    communicate with grandfather.
13              To make mother feel more secure about
14    this over communication, grandfather is Ordered to not
15    share with the father mother's personal information,
16    including but not limited to her address and phone
17    number.
18              Mother has continually challenged this
19    Court's jurisdiction and its interpretation of the law,
20    and, therefore, mother is told in open Court that she
21    does have 30 days to appeal this matter to the Superior
22    Court of Pennsylvania.
23              A copy to Attorney Harshberger for
24    father and grandfather and a copy to mother, Sara
25
```

1

2  Picket, at 278 Coventry at Waterford, York, PA 17402.

BY THE COURT:

_____
N. Christopher Menges, Judge

cmm
9-6-2022
Sara Pickett vs. Kristoffer Hexter and Bruce Hexter,
Number 2021-FC-001007-03

5

## VERIFICATION

I, Bruce Hexter, being duly authorized to make this verification, do hereby verify that the facts stated in the foregoing document are true and correct to the best of my knowledge, information, and belief. I understand that false statements herein are made subject to the penalties of 18 Pa. C.S. §4904 relating to unsworn falsification to authorities.

Date: 6-27-2023

By: _____
Bruce Hexter

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Submitted by: Jacobson, Julius & Harshberger

Signature: _____

Name: Joshua Harshberger

Attorney No.: 319814

Joshua Harshberger, Esquire
Supreme Court ID: 319814
Jacobson, Julius & Harshberger
8150 Derry Street, Ste A
Harrisburg, PA 17111
Ph: 717-909-5858 F: 717-909-7788
Email: jh@harshbergerlaw.com

## IN THE COURT OF COMMON PLEAS YORK COUNTY, PENNSYLVANIA

| | |
|---|---|
| SARA PICKETT,<br>       Plaintiff | :<br>:<br>: |
| v. | :<br>: |
| KRISTOFFER HEXTER,<br>       Defendant | No. 2021-FC-001007-03<br>:<br>:<br>: |
| v. | CUSTODY |
| BRUCE HEXTER,<br>       Intervenor | :<br>: |

### CERTIFICATE OF SERVICE

I, Dera Shade, Paralegal, do hereby certify that a copy of the **Petition for Modification of a Custody Order** was this day served upon the opposing party by first class mail at the address indicated below:

Sara Pickett<br>
2159 White Street, Suite 3<br>
Box 142<br>
York, PA 17404<br>
<i>Pro Se Respondent</i>

DATED: 6/27/2023

_____
Dera Shade, Paralegal