IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

FILED
HARRISBURG, PA

JUN 18 2024

PER ___ JsL___
DEPUTY CLERK

SARA PICKETT,
    Plaintiff

v.

NORTH CHRISTOPHER MENGES
JOSHUA HARSHBERGER
BRUCE HEXTER
KRISTOFFER HEXTER,
    Defendants

Case No. 1:24-CV-00537-DFB

RESPONSE IN OPPOSITION OF
MOTION TO DISMISS

Plaintiff appreciates the extension to respond, as she did not receive a copy of Harshberger's Motion to Dismiss at her mailing address, as required in the Summons. She only has access to basic case search functions and has not opted in to e-service. No notification of this motion was received prior.

As addressed in the original complaint, the claim of conspiracy stems from much more than the first contempt against Plaintiff, which clearly resulted from Menges' suggestion to pursue this specific action.

This conspiracy began taking shape on June 2, 2022, when Menges stated to conclude the first trial, "And if you don't do more to try to encourage a good relationship between these two children and their grandfather, I'll do it and I'll just give him more and more and more time until you get the message; is that clear?" *See June 2, 2022 Transcripts.*

Within the original actions taken, all Defendants demanded inclusion of Plaintiff's minor daughter, A.P., who has no relation or attachment of any kind to either K. Hexter or B. Hexter and Menges placed to burden of proof on Plaintiff to disprove that it's in her daughter's best interest - a determination which has no relevance when the court does not have grounds to include this minor. This establishes a clear and intentional violation of due process, regardless of how any other piece of this case were to be handled.

On May 9, 2023, Menges entered an order granting B. Hexter shared legal custody rights after suggesting that he file for a custody modification to increase his rights. Plaintiff questioned B. Hexter's standing to seek the suggested (then granted) relief. Menges' response was that he doesn't require standing, because it's a sanction for contempt. *See May 9, 2023 Transcripts.* Prior to docketing this order, Menges altered it to remove the shared custody provision and instead directed the Defendants that B. Hexter would need to file a Petition to Modify to obtain this relief. *See May 9, 2023 Order.*

In response to Menges' statements made during the May 9, 2023 hearing and reflected in the Order, Harshberger filed a Petition for Modification without pleading standing for the requested relief or stating any claim for relief. *See Petition for Modification of a Custody Order.*

It is indisputable that the requested modification could not apply under 23 Pa.C.S. § 5325(2), as the court has acted under the color of that statute up to this point, and it must instead comply with 23 Pa.C.S. § 5324, for which B. Hexter could not possibly meet the requirements.

It is also unreasonable to suggest that this discrepancy would be noticed by a pro se litigant, but not by the numerous legal professionals involved even after the issue has been raised several times. This action was taken because the Defendants have "reached an understanding" that Plaintiff's fundamental rights will be violated for the benefit of B. Hexter and K. Hexter. The continuous litigation seeks to benefit Harshberger financially, as he represents both private citizens in this case and his actions continue to cause financial and mental/emotional damage to Plaintiff in addition to the violations of her civil rights. It is reasonable to believe that Harshberger filed this petition with the belief that it would be accepted regardless of its compliance with legal requirements, given Menges' clear intention to enter the modification. And ultimately, it was, as the court is proceeding to trial for the modification without cause.

*A civil conspiracy is a "combination of two or more persons acting in concert to commit an individual act, or to commit a lawful act by unlawful means, the principle element of which is an agreement between the parties "to inflict a wrong against or injury upon another," and "an overt act that results in damage." Hampton v. Hanrahan, 600 F.2d 600 (7th Cir. 1979)*

Additionally, on May 30, 2024, Plaintiff was served with Harshberger's Pretrial Statement by Attorney Brandy Hoke, an attorney who is not associated with Harshberger's firm. This statement presents this modification as merely a best interest determination, which is not the standard in a grandparent visitation case and does not justify overriding a parent's rights to reject such interference. *See Pretrial Statement.*

*"If a State were to attempt to force the breakup of a natural family, over the objections of the parents and their children, without some showing of unfitness and for the sole reason that to do so was thought to be in the children's best interest, I should have little doubt that the State would have intruded impermissibly on 'the private realm of family life which the state cannot enter.'" Smith v. Organization of Foster Families, 431 U.S. 816, 862–63 (1977) (Justice Stewart concurring), cited with approval in Quilloin v. Walcott, 434 U.S. 246, 255 (1978).*

To intentionally enter a petition which does not meet the legal requirements, when his client could not meet them, simply because it is known that the court will grant it is acting outside of the scope of attorney representation and is an overt conspiracy, where the details are discussed openly in court. In these circumstances, it is not necessary for the Defendants to meet outside of the courtroom to plan their strategy. Though Plaintiff acknowledges that it would not be outside the realm of possibility.

The outcome of this case appears to rely entirely on Menges' interest in deviating from the applicable statutes and court processes for the purpose of depriving Plaintiff of fundamental rights to enter relief for his heavily favored litigant, combined with Harshberger's willingness to file anything he's prompted to without regard for the legal requirements for the same outcome plus his own financial benefit.

It is not typical for a judge to blatantly favor one party without a legitimate reason, state what relief they'd like to enter and what needs to be filed to obtain this relief. To follow up on those statements by entering the requested petition without substance, Harshberger proves that he is acting willfully under the color of law to deprive Plaintiff of several fundamental rights by "reaching an understanding" with Menges.

Wherefore, Plaintiff requests that this Court does not seek to dismiss the claims against Harshberger.

Respectfully Submitted,

Sara Pickett

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SARA PICKETT,
    Plaintiff
  v.

NORTH CHRISTOPHER MENGES
JOSHUA HARSHBERGER
BRUCE HEXTER
KRISTOFFER HEXTER,
    Defendants

Case No. 1:24-CV-00537-DFB

**CERTIFICATE OF SERVICE**

I hereby certify that on this day, I have served the attached document(s) to the persons on the date(s) and in the manner(s) stated below:

Joshua Harshberger, Esquire
8150 Derry St, Ste A
Harrisburg, PA 17111
jh@harshbergerlaw.com

CERTIFIED MAIL

_____6/11/24_____
Date

_____/s/ Sara Pickett_____
Sara Pickett

FROM: Sara Pickett
(signed copy)
PO Box 361
Pine Grove, PA 17963

RECEIVED
HARRISBURG, PA
JUN 18 2024
PER [signature] DEPUTY CLERK

TO: Sylvia H. Rambo Courthouse
1501 N 6th St
Harrisburg, PA 17102

POMONA, NJ 08240
JUN 12, 2024
$9.85
0 Lb 3.90 Oz
RDC 03
17102
R2304E107462-22