IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SARA PICKETT | : |
| Plaintiff | : |
| v. | : NO.: 1:24-cv-00537-DFB |
| NORTH CHRISTOPHER MENGES, ET AL. | : |
| Defendants. | : |

**DEFENDANT JOSHUA HARSHBERGER, ESQUIRE'S REPLY IN OPPOSITION TO PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S *PRO SE* COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)**

Defendant Joshua Harshberger, Esquire ("moving defendant"), by and through his counsel, Marshall Dennehey P.C., files this reply in further support of his motion pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss the allegations against it in plaintiff's *Pro Se* Complaint.

On March 29, 2024, plaintiff initiated this action by *Pro Se* Complaint filed in the United States District Court for the Middle District of Pennsylvania. ECF Doc. No. 1. On May 6, 2024, moving defendant filed a Motion to Dismiss. ECF Doc. No. 5. On June 14, 2024, plaintiff filed a Response in Opposition to moving defendant's Motion to Dismiss

1

("Response").  ECF Doc. No. 10.[1]  In an Order dated May 30, 2024, this Honorable Court granted moving defendant leave to file a reply brief.  ECF Doc No. 7.

Plaintiff's Complaint brought claims for Deprivation of Rights under 42 U.S.C. § 1983 (Count II and Count III), Conspiracy Against Rights under 42 U.S.C. § 1985 (Count VIII), and a claim of State Tort of Civil Conspiracy (Count IX).  Moving defendant seeks to dismiss each of these claims for the reasons set forth in the memorandum of law in support of the motion to dismiss, and as set forth below.  Plaintiff's response in opposition to the motion to dismiss does not actually respond to the motion to dismiss.  Rather, the response details certain moments in the procedural history of the underlying child custody matter without clearly indicating how these procedural aspects of the case address the motion to dismiss, or fully explaining what elements of her claims these points mean to fulfill.

In his motion to dismiss, moving defendant argued that plaintiff's § 1983 claims fail because, *inter alia*, plaintiff had not alleged sufficient facts to establish that moving defendant was acting under color of law, which is an essential element of a deprivation of rights claim.  *Kalina v. Fletcher*,

---

[1] Moving defendant would incorporate by reference the recitation of facts and procedural history contained in his Motion to Dismiss as if set forth in full herein.  *See* Motion to Dismiss, ECF Doc No. 5.

2

522 U.S. 118, 123, (1997); 42 U.S.C. § 1983.  In plaintiff's Response, the only mention of color of law is the conclusory statement that moving defendant "proves that he is acting willfully under the color of law to deprive Plaintiff of several fundamental legal rights by 'reaching an understanding' with [Judge] Menges."  *See* Response, ECF Doc No. 10, at 3.  Plaintiff still has not explained how moving defendant was acting under color of law.  Counts II and III should be dismissed as to moving defendant for failure to state a claim for which relief can be granted.

Likewise, with plaintiff's 42 U.S.C. § 1985 claim[2], moving defendant argued that plaintiff had not alleged sufficient facts demonstrating how moving defendant took an action in furtherance of a conspiracy to deprive her of constitutional rights.  In particular, as "…section 1985(3) requires 'the intent to deprive of equal protection, or equal privileges and immunities,' a claimant must allege 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action' in order to state a claim." *Suber v. Guinta*, 902 F. Supp. 2d 591, 608 (E.D.Pa. 2012).  Plaintiff's response fails to address this deficiency with

---

[2] It was not entirely clear which subsection of § 1985 plaintiff intended to proceed under, but based on the wording of the heading of Count VII it was assumed plaintiff had brought a violation of subsection 3, regarding deprivation of rights.

respect to Count VIII and therefore it should also be dismissed as to moving defendant.

Plaintiff also does not address deficiencies raised by moving defendant with respect to her claim of State Tort of Civil Conspiracy. Among other things, moving defendant cited to *Bowdoin v. Oriel*, 2000 WL 134800 (2000), for the contention that no cause of action for conspiracy exists against a lawyer arising out of the lawyer's participation as a professional and lawyers are not subject to conspiracy liability for advising or serving their clients. Moving defendant also argued that that no conspiracy can exist where an attorney's advice or advocacy is for the benefit of his client, rather than for the attorney's sole personal benefit. *Heffernan v. Bochetto & Lentz*, 189 F.3d 405, 413 (3d Cir. 1999). Plaintiff's Response does not address either of these points. Count IX should be dismissed as to moving defendant for failure to state a claim for which relief can be granted.

Plaintiff's Response fails to address the pleading deficiencies outlined in moving defendant's Motion to Dismiss. Moving defendant Joshua Harshberger, Esquire, respectfully requests that his Motion to Dismiss

Plaintiff's *Pro Se* Complaint is granted and that an Order is entered dismissing all claims against defendant Joshua Harshberger, Esquire.

        Respectfully submitted,

        **MARSHALL DENNEHEY, P.C.**

        BY: _____
        JOSH J.T. BYRNE, ESQUIRE
        PA Attorney Identification No. 85474
        Email: jtbyrne@mdwcg.com
        2000 Market Street, Suite 2300
        Philadelphia, PA 19103
        Phone: 215-575-2805
        Attorney for Defendant,
        Joshua Harshberger, Esquire

Date: <u>June 20, 2024</u>

### IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SARA PICKETT | : |
|     Plaintiff | : |
| v. | : |
| | :   NO.: 1:24-cv-00537-DFB |
| NORTH CHRISTOPHER MENGES, ET AL. | : |
|     Defendants. | : |

### CERTIFICATE OF SERVICE

I, Josh J.T. Byrne, Esquire, do hereby certify that a true and correct copy of the foregoing Reply in Opposition to Plaintiff's Response in Opposition to the Motion to Dismiss Plaintiff's *Pro Se* Complaint of Defendant Joshua Harshberger, Esquire, was electronically filed with the Court on this date and is available for viewing and downloading from the ECF System, and served to any unrepresented parties by First Class Mail.

        Sara Pickett
        P.O. Box 361
        Pine Grove, PA  17963

        **MARSHALL DENNEHEY, P.C.**

        BY: _____
        JOSH J.T. BYRNE, ESQUIRE
        PA Attorney Identification No. 85474
        Email: jtbyrne@mdwcg.com
        2000 Market Street, Suite 2300
        Philadelphia, PA 19103
        Phone: 215-575-2805
        Attorney for Defendant,
        Joshua Harshberger, Esquire

Date: <u>June 20, 2024</u>