IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Sara Pickett | : | |
| | : | |
| *Plaintiff* | : | |
| | : | No. 24-cv-00537 |
| v. | : | |
| | : | |
| North Christopher Menges, Judge | : | |
| of the Court of Common Pleas of | : | |
| York County, Pennsylvania, et al. | : | Hon. Daryl F. Bloom |
| | : | |
| *Defendants* | : | |

**Brief in Support of Defendant the Honorable North Christopher Menges' Motion to Dismiss the Complaint**

## I.   Introduction

This civil rights case arises from an ongoing child custody case in the Court of Common Pleas of York County, Pennsylvania. In short, Plaintiff Sara Pickett claims that various orders and proceedings in the custody case violated her civil rights. The gist of Plaintiff's claim comes from co-Defendants, who are grandparents of the minor children, intervention in the custody case.

Regarding moving Defendant the Honorable North Christopher Menges, Plaintiff's complaints arise solely from his judicial actions in

1

the custody case. Plaintiff takes exception to Judge Menges' rulings and orders as the "presiding judge." (Complaint ¶ 19.) This includes Judge Menges' interview of one child, issuing orders, declining to address an issue, scheduling a review hearing and "potentially a contempt hearing," instructing her to file an appeal, and otherwise presiding over various hearings and making rulings. (Complaint ¶¶ 24-44.)

The custody case is still on-going, as Plaintiff notes that a pretrial conference for a custody modification was scheduled for June 4, 2024. (Complaint ¶ 44.)

**Claims and Requested Relief**

The Complaint asserts a Section 1983 claim for denial of a fair trial, deprivation of right to rear children without unnecessary interference, deprivation of the right of privacy and access to court, procedural and substantive due process violations, federal and state conspiracies, and a Section 1986 claim for "neglect to prevent." (Complaint, Counts I-IX.)

The requested relief includes money damages, as well as injunctive relief to prevent Judge Menges from "modifying or enforcing"

2

custody orders and requiring his recusal.[1] Plaintiff also requests a declaration that the orders entered in the custody case are "null and void." Finally, the Complaint seeks a declaration that 23 Pa.C.S. § 5325 is also null and void. (Complaint, Wherefore Clause at 14.)[2]

## II. Statement of Questions

1. Does judicial immunity preclude all claims against Judge Menges because they relate solely to his actions in presiding over the child custody case?

   Answer: Yes.

2. Does the *Younger* abstention doctrine preclude this Court from exercising jurisdiction because Plaintiff seeks to have this court interfere with the state court's judicial functions in administering the custody case and determining the best interest of the children?

   Answer: Yes.

---

[1] Plaintiff attempted to have Judge Menges recuse himself, which was denied by Order of July 6, 2023, and the Superior Court of Pennsylvania quashed her appeal from that denial at No. 1111 MDA 2023. The Superior Court docket is attached as Exhibit A.

[2] The Attorney General of Pennsylvania, not Judge Menges, is charged with defending state statutes. *See* 71 P.S. § 732-204(a)(3).

3

3. Is injunctive relief improper because Plaintiff has an adequate remedy at law in the custody case?

Answer: Yes.

4. Are Plaintiff's state law claims barred by Pennsylvania's immunity under 1 Pa.C.S. § 2310?

Answer: Yes.

## III. Argument

### A. Judicial immunity precludes all claims against Judge Menges because he was acting in his judicial capacity at all times.

The claims against Judge Menges relate only to his judicial actions in presiding over Plaintiff's child custody case. For that reason, he is entitled to judicial immunity.

The familiar judicial immunity doctrine shields judicial officers from both suit and damages for their judicial actions. *Mireles v. Waco*, 502 U.S. 9, 11 (1991); *Azubuko v. Royal*, 443 F.3d 302, 303 (3d Cir. 2006); *Johnson v. Lycoming Co. Child. & Youth*, No. 23-CV-1159, 2023 WL 9116689, at *2 (M.D. Pa. 2023)(Bloom, J.), *report and recommendation adopted,* 2024 WL 66034 (M.D. Pa. 2024). Judicial

immunity applies to civil rights claims and extends to declaratory and injunctive relief. *See Dennis v. Sparks*, 449 U.S. 24, 27 (1980); *Mikhail v. Khan,* 572 Fed. Appx. 68, 71 (3d Cir. 2014); *Azubuko*, 443 F.3d at 304.

In determining whether immunity is appropriate, it does not matter if a judge committed "grave procedural errors," acted in an informal or ex parte manner, or that his actions were unfair or controversial. *Gallas v. Supreme Court of Pa.*, 211 F.3d 760, 769 (3d Cir. 2005). Similarly, a judge's motives are irrelevant: immunity applies even if a judge acted with malice. *Id.*

What is more, conspiracy allegations like Plaintiff makes here don't undo this immunity – it applies to accusations that a judge acted in a conspiracy. *Dennis*, 449 at 27-28. Thus, all the assertions (really, conclusions) that Judge Menges acted as part of some conspiracy in presiding over Plaintiff's cases cannot subvert immunity. *See Rush v. Wiseman*, No. 09-CV-4385, 2010 WL 1705299, at *9 (E.D. Pa. 2010)(immunity applies when the alleged conspiratorial actions are those that judges normally perform).

5

Only two requirements are necessary for judicial immunity: 1) the court in which the judge sits has jurisdiction over the subject matter; and 2) the judge performs a judicial act. *Stump*, 435 U.S. at 349. Jurisdiction "must be construed broadly." *Figueroa v. Blackburn,* 208 F.3d 435, 441-43 (3d Cir. 2000). And only a "clear absence of all jurisdiction" can dissolve immunity. *Stump*, 435 U.S. at 356. The jurisdictional inquiry is not limited to whether jurisdiction over a particular case existed but extends to a court's jurisdictional parameters. *See generally id.* at 357-59.

Pennsylvania's courts of common pleas have "unlimited original jurisdiction" over all actions and proceedings. 42 Pa.C.S. § 931(a). Here, the Court of Common Pleas has jurisdiction over family court matters, including child custody. *See* 23 Pa.C.S. § 3104.

Once jurisdiction is established, the next question is whether an act was judicial. A court must look not only at the act itself, but whether the act is a function that a judge normally performs. *Mireles*, 502 U.S. at 13. Another factor is the parties' expectations: Did they deal with the judge as a judge? *Stump*, 435 U.S. at 362.

6

All of Judge Menges' acts that allegedly violated Plaintiff's rights – issuing orders, scheduling hearings, and generally presiding over the custody case – occurred in his judicial functions in the custody proceedings. These are actions a judge regularly performs. And Plaintiff dealt with him as a judge.

About the requested injunctive relief, courts in this circuit routinely deny injunctive relief directed at state court judges. *Silver v. Court of Common Pleas of Allegheny Co.*, No. 18-494, 2018 WL 6523890, at *13 (W.D. Pa. 2018); *Argen v. Kessler*, No. 18-963, 2018 WL 4676046, at *11 (D.N.J. 2018); *Nichols v. Sivilli*, No. 14-3821, 2014 WL 7332020, at *6 (D.N.J. 2014).[3]

While injunctive relief may be granted if a judge violates a declaratory decree or such relief is not available, Judge Menges' rulings do not violate a declaratory decree – and Plaintiff does not claim otherwise. Moreover, the Complaint does not allege that declaratory

---

[3] The Federal Courts Improvement Act of 1996 amended Section 1983 to provide that "injunctive relief shall not be granted" in an action against "a judicial officer for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983.

relief is unavailable. To the contrary, Plaintiff is seeking declaratory relief. *See Silver*, 2018 WL 6523890, at *13 (declaratory relief was available because the plaintiffs "expressly seek declaratory relief in their proposed third amended complaint"); *Van Tassel v. Lawrence Co. Domestic Relations Section*, 659 F.Supp.2d 672, 698 (W.D. Pa. 2009)(declaratory relief was available because the plaintiff requested such relief in the complaint).[4]

Simply put, because Judge Menges' actions were performed with appropriate jurisdiction, he is immune from all of Plaintiff's claims.

### B. The *Younger* abstention doctrine prevents this Court from granting Plaintiff's relief, which would interfere with the pending custody case.

Plaintiff's requested relief would impermissibly entangle this Court in the on-going child custody proceedings and interfere with the state court's judicial functions. Because the custody case is still

---

[4] Moreover, a plaintiff cannot use declaratory relief to adjudicate past conduct or to proclaim that one party is liable to another based upon that conduct. *Corliss v. O'Brien*, 200 Fed. Appx. 80, 84-85 (3d Cir. 2006). Thus, Plaintiff's declaratory relief directed to past orders and actions cannot state a claim.

8

pending, the *Younger* abstention doctrine prevents the Court from interfering in the proceedings.

The *Younger* doctrine requires a federal court to abstain from proceeding if: 1) there is an on-going state court proceeding; 2) the state proceeding implicates important state interests; and 3) the state proceeding allows an adequate opportunity to raise federal claims. *Anthony v. Council*, 316 F.3d 412, 418 (3d Cir. 2003).[5]

The Third Circuit recognizes that *Younger's* dual purpose is to "promote comity, a proper respect for state functions, by restricting federal courts from interfering with ongoing state judicial proceedings and to restrain equity jurisdiction from operating when state courts provide adequate legal remedies for constitutional claims and there is no risk of irreparable harm." *PDX North, Inc. v. Commissioner N.J. Dep't of Labor and Workforce Dev.*, 978 F.3d 871, 882 (3d Cir. 2020), *cert. denied*, 2021 WL 4507638 (2021).

This abstention is appropriate in three types of underlying state proceeding: 1) criminal prosecutions; 2) civil enforcement proceedings;

---

[5] These are known as the *Middlesex* factors. *See Middlesex County Ethics Committee v. Garden State Bar Assoc.*, 457 U.S. 423 (1982).

and 3) civil proceedings involving orders in furtherance of the state courts' ability to perform their judicial function. *Sprint Communications, Inc. v. Jacobs,* 571 U.S. 69, 70 (2013).

Child custody cases are subject to *Younger. Silver v. Court of Common Pleas of Allegheny Co.*, 802 Fed. Appx. 55, 59 (3d Cir. 2020); *Johnson*, 2023 WL 9116689, at *2.[6] Thus, the focus turns to the *Middlesex* factors. First, the child custody case, which implicates important state interests, is ongoing. *See Stefanov v. Ross*, No. 12-CV-472, 2013 WL 3754819, at *4-5 (M.D. Pa. 2013)(holding that custody cases by their nature are continually ongoing).

Next, a request to enjoin a judge from presiding and declare custody orders null and void interferes with the state court's judicial functions as forbidden by *Younger. See Dovin v. Chester Co. Dep't of Aging Servs.*, No. 23-CV-3175, 2023 WL 5651983, at *4 (E.D. Pa.

---

[6] In *Gok v. United States*, No. 23-2150, 2024 WL 1597690 (3d Cir. 2024), the Third Circuit held that *Younger* did not apply to a claim about an alleged fraudulent custody order. *Id.* at *2. Unlike the instant case, though, the state court was not a party, and the claim did not seek to impede the state court's ability to perform its judicial functions in the custody case. Consistent with *Sprint*, relief that would interfere with a state court's judicial functions in custody cases – which is what Plaintiff seeks – comes within the third category.

10

2023)(holding that *Younger* applied where the requested relief would interfere with the state court's "uninterrupted jurisdiction" over adult protective proceedings: "State court orders and proceedings dealing with protective services for older adults, like those for children, are also unique to the state court's ability to perform judicial functions."); *Shallenberger v. Allegheny Co.*, No. 20-CV-00073, 2020 WL 1465853, at *8 (W.D. Pa. 2020)(holding that orders related to an adoption proceeding "go to the very heart of the custody determinations that state courts make, and so fall within the third category" of judicial function).

Finally, custody proceedings provide the opportunity to raise federal constitutional claims, both to the trial court and on appeal. *See Schmel v. Wegelin*, 927 A.2d 183, 186-88 (Pa. 2007)(due process and equal protection), *cert. denied*, 552 U.S. 1022 (2007); *Everett v. Parker*, 889 A.2d 578, 581-82 (Pa. Super. 2005)(procedural due process); *Luminella v. Marcocci*, 814 A.2d 711, 722-23 (Pa. Super. 2002)(Fourth Amendment and right to privacy); *Jackson v. Garland*, 622 A.2d 969, 970-71 (Pa. Super. 1993)(familial relations).

Abstention can be inappropriate if a plaintiff establishes that the state proceedings were undertaken in bad faith or for harassment, or if other extraordinary circumstances exist. *Anthony*, 316 F.3d at 421. No basis here exists to find that the custody proceedings are undertaken in bad faith or for harassment. And the extraordinary circumstances exception applies only when a state agency or court is "incapable of fairly and fully adjudicating the federal issues before it[.]" *Getson v. New Jersey*, 352 Fed. Appx. 749, 753 (3d Cir. 2009). The extraordinary circumstance must present an "extraordinary pressing need" for "immediate" federal relief, not just an unusual factual circumstance. *Id.* at 754. None of these are present in this case.

In sum, Plaintiff's request to enjoin Judge Menges from modifying or enforcing custody orders, prevent him from presiding over the case, and declare that all custody orders are null and void would fundamentally alter the custody proceedings and intrude upon the state court's judicial functions in determining the best interests of the children. It "is not the job of the federal court to sit in constant supervision" of a state family court, which would "transform federal

courts into family courts. *Hagberg v. New Jersey*, 751 Fed. Appx. 281, 287 (3d Cir. 2018).

Consequently, the Court must abstain.

### C. Injunctive relief is not appropriate because Plaintiff has an adequate remedy at law.

Injunctive relief is not appropriate if there is an adequate remedy at law. *Hayes v. Ohio Nat. Financial Servs., Inc.*, 652 F. Supp. 2d 456, 462 (E.D. Pa. 2009). Plaintiff has an adequate remedy – she can appeal the family court decisions in state court. *See Johnson v. State of N.J.*, 869 F. Supp. 289, 294 (D.N.J. 1994)(holding that an adequate remedy at law existed where the plaintiff could appeal custody and divorce proceedings in state court); *see also Gottschalk v. Gottschalk*, No. 10-11979, 2011 WL 2420020, at *4 (11th Cir. 2011)(holding that injunctive relief was not appropriate because the plaintiff could appeal custody orders in state court).

Plaintiff can continue to seek state court review if she thinks the state court's actions and orders violate her rights. *See O'Shea*, 414 U.S. at 502. Hence, injunctive relief is improper.

13

### D. Pennsylvania's state sovereign immunity law bars the state law claims against Judge Menges.

Commonwealth officials such as Judge Menges are protected from state law claims by state-provided sovereign immunity. State statutory law provides that the "Commonwealth and its officials and employees acting within the scope of their duties" are entitled to sovereign immunity. 1 Pa.C.S. § 2310.

Section 2310 applies to claims against Commonwealth employees in their individual capacity if they were acting within the scope of their authority. *Brautigam v. Fraley*, 684 F. Supp. 2d 589, 593 (M.D. Pa. 2010). The immunity applies even if the conduct constitutes a crime, fraud, malice, or willful misconduct. *Id.* It also applies to intentional conduct. *Mitchell v. Luckenbill*, 680 F. Supp. 2d 672, 682 (M.D. Pa. 2010). Because presiding over the custody case comes within Judge Menges' official duties, sovereign immunity bars the state law claims.

## IV. Conclusion

For the foregoing reasons, Judge Menges respectfully requests this Honorable Court to dismiss the Complaint against him with prejudice. Given the legal defenses, it would be futile to allow Plaintiff

14

leave to amend the Complaint. *See Peeples v. Citta*, 501 Fed. Appx. 109, 111 (3d Cir. 2012)(futile to amend due to judicial immunity).

        Respectfully submitted,

        **s/Michael Daley**
        MICHAEL DALEY, ESQUIRE
        Attorney I.D. No. PA77212
        Administrative Office of PA Courts
        1515 Market Street, Suite 1414
        Philadelphia, PA 19102
        legaldepartment@pacourts.us
        (215) 560-6326, Fax: (215) 560-5486

        ***Attorney for the Honorable North Christopher Menges***

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Sara Pickett | : | |
| | : | |
| *Plaintiff* | : | |
| | : | No. 24-cv-00537 |
| v. | : | |
| | : | |
| North Christopher Menges, Judge | : | |
| of the Court of Common Pleas of | : | |
| York County, Pennsylvania, et al. | : | Hon. Daryl F. Bloom |
| | : | |
| *Defendants* | : | |

## Certificate of Service

The undersigned certifies that on June 27, 2024, he caused the foregoing *Motion to Dismiss* and *Brief in Support* to be served via ECF on counsel of record and U.S. first class mail on:

Sara Pickett
P.O. Box 361
Pine Grove, PA 17963

        **s/Michael Daley**
        MICHAEL DALEY, ESQUIRE
        Attorney I.D. PA77212
        Administrative Office of PA Courts
        1515 Market Street, Suite 1414
        Philadelphia, PA 19102
        legaldepartment@pacourts.us
        (215) 560-6326, Fax: (215) 560-5486