IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

FILED
HARRISBURG, PA
JUN 27 2024
PER _____
DEPUTY CLERK

SARA PICKETT,
    Plaintiff

v.

NORTH CHRISTOPHER MENGES
JOSHUA HARSHBERGER
BRUCE HEXTER
KRISTOFFER HEXTER,
    Defendants

Case No. 1:24-CV-00537-DFB
(1:24cv 537)

RESPONSE IN OPPOSITION OF DEFENDANT NORTH CHRISTOPHER MENGES' MOTION TO DISMISS THE COMPLAINT

1. In Stump v. Sparkman, the Supreme Court set a stringent standard for overcoming judicial immunity, requiring that a judge must have acted in the clear absence of all jurisdiction. This term is interpreted in its broadest possible sense.

Judicial immunity extends only to judicial acts within the court's jurisdiction and judicial capacity. It does not extend to criminal acts, acts outside of official capacity, or acts in the clear absence of all jurisdiction. *See Stump v. Sparkman, 435 U.S. 349 (1978)*.

In this case, Menges acted in the clear absence of all jurisdiction by arbitrarily including Plaintiff's daughter in the custody proceedings and granting visitation rights and access to "legal information" to B. Hexter, the paternal grandfather of Plaintiff's son only. No court in the Commonwealth of Pennsylvania has jurisdiction to grant such rights to an unrelated minor child who has not been adjudicated as a dependent of the state. As it relates to Plaintiff's daughter, this could not be an issue of Grandparent's Rights, therefore, Menges does not possess jurisdiction to even consider including her in this custody action.

During the Pretrial Conference on February 8, 2022, it was acknowledged by all parties that K. Hexter and B. Hexter have no biological relation to Plaintiff's daughter and that no court had previously determined her involvement in the original custody action. *See February 8, 2022 Transcripts*. Plaintiff vehemently opposes any and all contact between her minor daughter and these unrelated third parties, firmly believing they have no rights concerning her.

Despite this, Judge Menges willfully and wantonly deprived Plaintiff of both procedural and substantive due process by including her daughter in the custody action against Plaintiff's objections as a fit parent and the child's clear objections. He mischaracterized the issue as "a bit like standing", presumably to deceive Plaintiff, rather than acknowledging it as an issue of standing. He then placed the burden on Plaintiff to prove it was not in her daughter's best interest for the court to consider K. Hexter as her "psychological father." *See February 8, 2022 Transcripts.*

"When a judge knows that he lacks jurisdiction, or acts in the face of clearly valid Constitutional provisions or valid statutes expressly depriving him of jurisdiction or judicial capacity, judicial immunity is lost." *Rankin v. Howard* 633 F.2d 844 (1980), *Den Zeller v. Rankin*, 101 S.Ct. 2020 (1981).

Though a determination was made to consider K. Hexter the "psychological father," this decision no longer appears on the record, nor do the reasons surrounding it. Altering the record is not a judicial act but a criminal one.

Plaintiff believes this alteration is because the minor child clearly expressed fear of K. Hexter due to a history of abuse and her desire to avoid contact with both K. Hexter and B. Hexter. Therefore, neither the application of the Psychological Parent Doctrine nor the determination of her best interest could be factually correct, regardless of the Defendants' desired outcome. See April 7, 2022 Transcripts and June 2, 2022 Transcripts.

As a result, a no-contact order exists between Plaintiff's daughter and K. Hexter, yet B. Hexter has been granted visitation and "legal information" rights without standing or cause. Plaintiff's daughter has no option to decline contact. Plaintiff has been explicitly instructed not to protect her children from this outcome and Menges does not care even if B. Hexter were to appear visibly intoxicated during an exchange. The children must be forced to go with him. Failure to comply would likely result in Plaintiff serving jail time. See June 2, 2022 Order and July 17, 2023 Transcripts.

During a contempt hearing on July 17, 2023, Plaintiff questioned her unrelated daughter's involvement, and Judge Menges referred to B. Hexter as her "psychological grandparent," a term with no valid legal basis. This indicates Judge Menges is aware of the jurisdictional errors yet continues to act in bad faith, showing no intent to correct them. Instead, he intends to escalate the situation and disregard the requirements of 23 Pa.C.S. § 5324 for modification requests to shared physical and legal custody rights, solely by the consent of K. Hexter. See May 9, 2023 Transcripts and May 9, 2023 Order.

No state or federal court may exercise jurisdiction in a manner that would deny a defendant the fundamental rights of due process.

a. Within the omitted portion of the record where Judge Menges arbitrarily declared K. Hexter the "psychological father" of Plaintiff's daughter, thereby granting the requested rights to B. Hexter, Judge Menges stated his belief that such contact would be "therapeutic" for her. It is not within Judge Menges' judicial or official capacity to act as a psychologist, and he is not qualified to make this determination.
b. Menges acted without jurisdiction and under color of 23 Pa.C.S. § 5325(2) by treating the case as if he were resolving a tie between two parties with equal rights. This is erroneous, given that K. Hexter is an incarcerated Tier III sex offender with a history of child endangerment involving these children and possesses no legal or custodial rights to make decisions on behalf of his child.

Though, the essence of this case is that Menges solicits consent from K. Hexter, who readily obliges, each time Plaintiff opposes the court's unnecessary involvement. This approach is both intriguing and horrifying, as it further perpetuates the power and control dynamic between a domestic violence perpetrator and his victims.
c. Menges acted without jurisdiction and under the color of 23 Pa.C.S. § 5328 by failing to consider the necessary factors before awarding custodial rights to both children, yet proceeding as if he had completed proper proceudre. It is evident that this decision was made during or prior to the Pretrial Conference held on February 8, 2022, where Judge Menges remarked, "this is a slam dunk for standing" and "I'm going to grant him something." *See February 8, 2022 Transcripts.*

d. Throughout this matter, Menges has acted as an advocate on behalf of B. Hexter, because they are both grandparents. Advocacy for one party is not a judicial act or function.
e. Conspiring with an attorney and two private citizens to craft a personally desired outcome that could not be achieved by proper application of the relevant laws, rules and court procedures is not a judicial act or function.

Should this court determine that judicial immunity applies and cannot be overcome in the current situation, it retains the discretion to remove Menges as a defendant, include him instead as a witness, and proceed with the case against the remaining defendants.

2. The Supreme Court has held in Middlesex County Ethics Committee v. Garden State Bar Ass'n, 457 U.S. 423 (1982), that Younger abstention is fully applicable to noncriminal judicial proceedings when important state interests are involved. The important state interests in these proceedings are the protection of Plaintiff's parental rights to make decisions on behalf of her children without unnecessary state interference and, most importantly, the welfare of the children.

"Accordingly, so long as a parent adequately cares for his or her children (i.e., is fit), there will normally be no reason for the State to inject itself into the private realm of the family to further question the ability of that parent to make the best decisions concerning the rearing of that parent's children." Troxel v. Granville, 530 U.S. 57 (2000).

"The essence of the Supreme Court's opinion is that the law presumes parents are fit and are making decisions in their children's best interests, therefore it is not appropriate for the state to intervene in parental decisions without cause. To do so would violate the Constitution's due process and equal protection clauses." See D.P. and B.P., Aplts. v. G.J.P. and A.P., 25 WAP 2015 (Pa. 2016).

These interests could be safeguarded only by cessation of litigation in the state courts or at least the opportunity to seek appellate review and appropriate relief, however, Menges has acted with clear intent and extreme malice to willfully deprive Plaintiff of numerous Constitutional rights, including access to the courts.

Menges' failure to enter any order that qualifies as final under 210 Pa. Code § 341 has prevented Plaintiff from seeking appropriate appellate relief. Despite Plaintiff's attempted appeal of the September 7, 2022 Order, which resulted in the PA Superior Court notifying all parties of the absence of any final resolution in this case, Menges has made no effort to issue a final resolution on the original issues. Instead, he has effectively trapped Plaintiff in an endless and escalating cycle of litigation without any legitimate cause for the court's involvement in her life.

"After careful review, we conclude that the order at issue here is not a final order. The trial court scheduled the December 13, 2022 hearing to contemplate granting legal custody to Paternal Grandfather and increasing physical custody to Paternal Grandfather. The record indicates that the trial court, thus, has not completed the hearings on the merits and there is not yet a complete resolution of the claims between the parties. Accordingly, despite the trial court's characterization, the September 7, 2022 order is not appealable because it is not a final order, but rather an interlocutory order." See Pickett v. Hexter, 1417 MDA 2022 (Pa. Super. Ct. Mar. 8, 2023).

3. Plaintiff does not seek to relitigate any issues previously decided by the York County Court of Common Pleas. Rather, she seeks a declaration that this specific application of 23 Pa. C.S. § 5325(2) is unconstitutional and was entered under the color of law and color of process. As a result, the ensuing orders are unconstitutional, unlawful, and legally void.

"A universal principle as old as the law is that a proceedings of a court without jurisdiction are a nullity and its judgment therein without effect either on person or property." See Norwood v. Renfield, 34 C 329; Ex parte Giambonini, 49 P. 732.

Exceptions to the Rooker-Feldman doctrine include state court judgments procured by fraud, deception, accident, or mistake. Any order entered as a result of conspiring to achieve a personally desired outcome is an order procured by fraud and deception.

Plaintiff waives any request for relief that is not permissible in these circumstances.

4. Sovereign immunity under 1 Pa. C.S. § 2310 requires that the judge acts within the scope of his duties. Menges has not acted strictly within the scope of his judicial functions in this matter. Plaintiff reaffirms all statements made under Point 1.

5. Within the Statement of Claim, Plaintiff details the actions taken, the rules and laws that were misapplied to reach this outcome, and the specific rights violated by each Defendant under the color of these laws.

It is notable that this issue has been raised despite the absence of any valid claim presented by the preferred litigant in either the Petition to Intervene or the Petition for Modification and Menges acted on both without hesitation. Harshberger and his client fail to plead standing entirely for the requested modification, which could only be entered under 23 Pa.C.S. § 5324 and not 23 Pa.C.S. § 5325(2) as they had previously acted under the color of. See Petition to Intervene and Petition for Modification of a Custody Order.

6. Plaintiff objects to any additional defenses being raised after her response is entered.

Wherefore, Plaintiff requests that this Court does not seek to dismiss the complaint.

Respectfully Submitted,

Sara Pickett

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SARA PICKETT,<br>          Plaintiff<br>v.<br>NORTH CHRISTOPHER MENGES<br>JOSHUA HARSHBERGER<br>BRUCE HEXTER<br>KRISTOFFER HEXTER,<br>          Defendants | Case No. 1:24-CV-00537-DFB<br><br>**CERTIFICATE OF SERVICE** |

I hereby certify that on this day, I have served the attached document(s) to the persons on the date(s) and in the manner(s) stated below:

Michael Daley, Esquire
1515 Market St, Ste 1414
Philadelphia, PA 19102
legaldepartment@pacourts.us

CERTIFIED MAIL

_6/27/24_
Date

_[signature]_
Sara Pickett