Joshua Harshberger, Esquire
Jacobson, Julius & Harshberger
Supreme Court ID: 319514
8150 Derry St, Ste A
Harrisburg, PA 17111
Ph: 717-909-5858  Fax: 717-909-7788
Email: jh@harshbergerlaw.com

**ORIGINAL**

SCANNED IMAGE
ENTERED & FILED
AUG 02 2021
PROTHONOTARY
LEBANON, PA

| | |
|---|---|
| KRISTOFFER HEXTER, | : IN THE COURT OF COMMON PLEAS |
| Plaintiff | : LEBANON COUNTY, PENNSYLVANIA |
| vs. | : No.: 2018-20204 |
| SARA ASHLEY PICKETT, | : CIVIL ACTION – LAW IN CUSTODY |
| Defendant | : |

Tue, Sep 21, 2021 2:06 PM

## PETITION TO INTERVENE

2021-FC-001007-03

AND NOW, comes, Bruce Hexter, Proposed Intervenor, (hereinafter "Petitioner") by and through his counsel, Joshua Harshberger of Jacobson, Julius & Harshberger, and files the within Petition to Intervene, and in support thereof avers as follows:

1. Petitioner is Bruce Hexter, an adult individual residing at 1472 Bramblewood Court, Pottstown, PA 19464.

2. Plaintiff/Respondent is Kristoffer Hexter, who is the Father of the minor children and who resides at 212 E Hazel Street, Jonestown, PA 17038.

3. Defendant/Respondent is Sara Ashley Pickett, who is the Mother of the minor children and who resides at 167 Coventry at Waterford, York, PA 17402.

4. Plaintiff and Defendant are the parents of the minor children:

| Child's Name: | Child's Date of Birth: |
|---|---|
| R.H. | YOB 2015 |
| A.P. | YOB 2013 |

5. Petitioner is the paternal grandfather of the minor children.

6. The current custody Order in this case is attached hereto as Exhibit A.

7. Petitioner seeks to intervene in this custody matter for the following reasons:

— Ex 10 —

a. Petitioner is the paternal grandfather of the children and has developed a strong bond with the children over the years.

b. Petitioner has enjoyed monthly visits with the children over the years.

c. Petitioner fears that once the Father is unable to exercise custody of the children the children will be prevented from continuing contact with Petitioner.

d. Petitioner desires to maintain the loving bond he has established with his grandchildren and unfortunately will need the assistance of a court order to continue the relationship.

8. Petitioner has legal standing in this matter pursuant to 23 Pa. C.S.A. §5325(2).

a. Petitioner's relationship with the child began with the consent of the children's biological Father. The parents of the children have commenced a proceeding for custody and it is believed that the Mother of the children does not agree with the Father of the children that the grandfather should have periods of custody.

9. Plaintiff in this action consents to Petitioner's intervention.

10. Petitioner believes that it is in the best interest of the minor children that Petitioner is permitted to intervene in this matter.

WHEREFORE, Petitioner respectfully requests that this Honorable Court grant his Petition to Intervene.

Respectfully submitted,

Date: 8/27/2021

Joshua Harshberger, Esquire
8150 Derry Street, Ste A
Harrisburg, PA 17111
Phone: 717-315-6997
Email: jh@harshbergerlaw.com
Attorney for Petitioner

IN THE COURT OF COMMON PLEAS OF LEBANON COUNTY
PENNSYLVANIA

CIVIL ACTION - FAMILY

SARA A. PICKETT           : No. 2018-20204
                          :
v.                        :
                          :
KRISTOFFER HEXTER         : Custody Trial

## O R D E R

AND NOW, to wit, January 23, 2019, the agreement the parties have reached is that the December 7, 2018, Order will be made a permanent Order. The parties will have shared legal custody of the two children. Father shall have primary physical custody of the children and Mother shall have periods of partial custody from Tuesday at 5 p.m. until Friday at 5 p.m., and then Father has Friday at 5 p.m. until the following Tuesday at 5 p.m. The parties are to notify each other with regards to doctor's appointments, dental appointments and all other appointments of the children.

With respect to holidays, Mother will have Easter of 2019. Thereafter, the parties will alternate holidays. Those holidays include: Easter, Memorial Day, Independence Day, Thanksgiving and New Year's Day. The holiday time will start at 6 p.m. the day before the holiday and go until 7 p.m. the day of the holiday. In even number years, Mother gets the alternating three and Father gets the other three, and then in


EXHIBIT A

odd years the holiday schedule will switch. For Christmas, the holiday will be divided up with one parent having the children on December 24th at 2:00 p.m. until December 25th at 2:00 p.m. and then the other parent gets the children on December 25th at 2:00 p.m. until December 26th at 2:00 p.m. This holiday schedule will alternate thereafter.

The parties are entitled to 2 nonconsecutive weeks of vacation. Although if a trip is planned that exceeds 7 days, that shall be viewed by the other party as reasonable unless there is some serious concern as to that matter. The parties shall give each either at least 30 days advanced notice.

The parties are directed not to speak poorly about the other parent when the children are in their presence. They should do whatever is possible to uplift the other parent and not say disparaging remarks about the other parent.

The parties will be sharing transportation. They together will be coming up between them a halfway point to meet. Assuming both parties reside in Lebanon County, transportation shall be shared equally.

In the event either party sends an e-mail notice concerning custody time or scheduling, the other party shall respond no later than 24 hours from that time or the e-mail shall be presumed to be accepted. In the event of an emergency,

2

the party shall immediately text the other party and explain the nature of the emergency and when the latest they will be able to come.

Both parties shall keep each other apprised of their most current phone number and e-mail address, and there shall no blocking. In the event either party feels an e-mail is inappropriate or unwarranted, they may petition the Court for Contempt proceeding.

Both parties agree that the children shall be evaluated for necessary therapy and follow-through.

Both parents agree to not exercise physical discipline with the children.

Mother agrees to take the children as primary custodian from March 23 to March 30 or as needed through the birth of Father's new baby.

BY THE COURT:

_____, J.
SAMUEL A. KLINE

cc: Donna Brightbill, Esquire
    Sara Pickett//995 Powell's Valley Road, Halifax, PA 17032

mlb