Joshua Harshberger, Esquire
Supreme Court ID: 319814
Jacobson, Julius & Harshberger
8150 Derry Street, Ste A
Harrisburg, PA 17111
Ph: 717-909-5858 F: 717-909-7788
Email: jh@harshbergerlaw.com

## IN THE COURT OF COMMON PLEAS YORK COUNTY, PENNSYLVANIA

| | |
|---|---|
| SARA PICKETT,<br>    Plaintiff | :<br>:<br>: |
| v. | :<br>: |
| KRISTOFFER HEXTER,<br>    Defendant | :    No. 2021-FC-001007-03<br>:<br>:<br>: |
| v. | :<br>: |
| BRUCE HEXTER,<br>    Intervenor | :<br>: |

### PETITION FOR MODIFICATION OF A CUSTODY ORDER

AND NOW, comes Petitioner/Intervenor, Bruce Hexter, by and through his counsel, Joshua Harshberger, Esquire, of Jacobson, Julius & Harshberger, and files the within Petition for Modification of a Custody Order, and in support thereof states the following:

1. Petitioner is Bruce Hexter (hereinafter "Grandfather"), an adult individual residing at 1472 Bramblewood Court, Pottstown, PA 19464.

2. Respondent is Sara Pickett (hereinafter "Mother"), an adult individual with a last known residential address of 278 Coventry at Waterford, York, PA 17402 with a mailing address of 2159 White Street, Suite 3, Box 142, York, PA 17404.

3. The parties are the natural parent and paternal grandfather of minor child R.H. (YOB 2015) and Mother is the natural parent of minor child A.P. (YOB 2013), who is covered in these custody proceedings.

1     — Ex 11

4. By decision of the Court, Orders of Court dated April 7, 2022, June 2, 2022 and September 6, 2022 were entered granting Mother sole legal custody and primary physical custody with Grandfather having rights to legal information and partial physical custody of the minor children. A true and correct copy of the Orders are attached hereto as Exhibit "A" and incorporated herein.

5. It is in the best interest of the children that custody should be modified and grant Grandfather shared legal and shared physical custody for the following reasons:

    a. Mother currently resides with the children at an unknown address and is refusing to communicate with Grandfather;

    b. Mother has not been present at the exchange location the last three (3) Saturdays and is withholding the children from Grandfather during his custodial time;

    c. Mother does not answer any of Grandfather's phone calls or text messages and does not allow the children to communicate with Grandfather;

    d. Mother is intentionally alienating the children from Grandfather and speaks ill of the Grandfather in front of the children;

    e. Grandfather is willing and able to care for the children.

6. Petitioner has filed a completed Criminal Record/Abuse History Verification form required pursuant to Pa. R. C. P. No. 1915.3-2.

WHEREFORE, Petitioner requests that this Honorable Court modify the existing Orders to be in the best interest of the minor children and grant Petitioner shared legal and shared physical custody of the minor children.

Respectfully submitted,

JACOBSON, JULIUS & HARSHBERGER

Date: 6/27/23

By: _____
Joshua Harshberger, Esquire
8150 Derry Street, Ste A
Harrisburg, PA 17111
Ph: 717-909-5858
F: 717-909-7788
Email: jh@harshbergerlaw.com

3

## VERIFICATION

I, Bruce Hexter, being duly authorized to make this verification, do hereby verify that the facts stated in the foregoing document are true and correct to the best of my knowledge, information, and belief. I understand that false statements herein are made subject to the penalties of 18 Pa. C.S. §4904 relating to unsworn falsification to authorities.

Date: 6-27-2023                    By: _____
                                          Bruce Hexter

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Submitted by: Jacobson, Julius & Harshberger

Signature: _____

Name: Joshua Harshberger

Attorney No.: 319814

Joshua Harshberger, Esquire
Supreme Court ID: 319814
Jacobson, Julius & Harshberger
8150 Derry Street, Ste A
Harrisburg, PA 17111
Ph: 717-909-5858 F: 717-909-7788
Email: jh@harshbergerlaw.com

## IN THE COURT OF COMMON PLEAS YORK COUNTY, PENNSYLVANIA

| | |
|---|---|
| SARA PICKETT,<br>　　　　Plaintiff | : <br> : <br> : |
| v. | : <br> : |
| KRISTOFFER HEXTER,<br>　　　　Defendant | : No. 2021-FC-001007-03 <br> : <br> : <br> : |
| v. | : CUSTODY |
| BRUCE HEXTER,<br>　　　　Intervenor | : <br> : <br> : |

### CERTIFICATE OF SERVICE

I, Dera Shade, Paralegal, do hereby certify that a copy of the **Petition for Modification of a Custody Order** was this day served upon the opposing party by first class mail at the address indicated below:

Sara Pickett<br>
2159 White Street, Suite 3<br>
Box 142<br>
York, PA 17404<br>
*Pro Se Respondent*

DATED: 6/27/2023

_____
Dera Shade, Paralegal

IN THE COURT OF COMMON PLEAS OF YORK COUNTY,

PENNSYLVANIA

SARA PICKETT,  : No. 2021-FC-001007-03
    Plaintiff  :
                         :
VS  :
                         :
KRISTOFFER HEXTER,  :
    Defendant  :
                         :
VS  :
                         :
BRUCE HEXTER,  :
    Intevenor  :

(Custody Trial)

York, Pa., Thursday, April 7, 2022

Before the Honorable N. Christopher Menges, Judge

APPEARANCES:

    Josh Bodene, Esquire
    For the Plaintiff

    Joshua A. Harshberger, Esquire
    For the Defendant
    For the Intervenor

\* \* \*

TEMPORARY ORDER OF CUSTODY

25        In this matter, this custody trial needs

1

EXHIBIT A

```
 1
 2
 3
 4   completed.  Mother has to put on her case, and the
 5   Court has been advised that should take an hour to an
 6   hour-and-a-half.
 7              Accordingly, the Court does schedule
 8   this to be finished on June 2, 2022, at 1:30 p.m.  The
 9   Court has allowed one-and-a-half hours to finish this.
10   Father and/or grandfather may participate by Zoom
11   rather than live if they so prefer.
12              In the meantime the Court issues the
13   following temporary order:
14              First of all, for both of these
15   children, Riley and Aubrey, mother has sole legal and
16   sole physical custody.  However, for both children,
17   mother will furnish to father all educational, medical,
18   counseling, and all other records to father within
19   48 hours of her receiving them by her putting them in
20   the United States mail postage prepaid within 48 hours
21   of her receiving them.  Hopefully, father will receive
22   them somewhat shortly thereafter.
23              The Court is cognizant that the United
24   States mail takes a long time these days.  But father
25   doesn't seem to have any other way of receiving these
```

things. So for now, mother will send them to father through the United States mail. When mother sends records to father, confidential information such as social security numbers may be redacted.

Mother may also choose to mail the documents to Attorney Harshberger who will then mail it to father through attorney records. I will leave that to the parties to work that out.

Additionally, father may have phone contact with Riley only for up to 30 minutes one time per week, and it can be by Zoom or other video. The times will be agreed to by the parties. Additionally, father may write letters to Riley through mother.

Father is to have no contact with Aubrey in any way at any time until further order of court.

Grandfather, also known as Pop Pop, will have partial physical custody of both children one time per month for ten hours. That will be on a Saturday from 9 a.m. until 7 p.m. The first Saturday will be this coming Saturday, April 9, 2022, and the second Saturday of each month thereafter.

Pop Pop, Mr. Bruce Hexter, will both

```
 1
 2
 3
 4   pick up the children at mother's residence and deliver
 5   the children to mother's residence at the conclusion of
 6   the ten hour time period.
 7              Additionally, the grandfather, also
 8   known as Pop Pop, may have phone or video times with
 9   these two children as he may arrange with mother; but
10   they should be at least three times per month.
11              Finally, mother is ordered to contact a
12   therapist of her choice and try to commence some
13   therapy for Aubrey to at the very least deal with her
14   issues relative to her biological father or
15   psychological father, which she refers to as her
16   brother's father, the interplay of that issue, as well
17   as the fact that her brother's father, the
18   psychological father, is currently incarcerated and
19   will be for some time.  Obviously, the therapist can
20   address other issues as the therapist may deem
21   appropriate.
22              Both counsel will have access to any and
23   all contact with or records by said therapist.  This is
24   a temporary order only until we finish this trial on
25   June 2, 2022.
```

Copies to Attorneys Harshberger and Bodene.

BY THE COURT:

_____
N. Christopher Menges, Judge

sar
4/8/2022
No. 2021-FC-001007-03

5