J-A04018-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| SARA PICKETT | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KRISTOFFER HEXTER AND BRUCE | : | No. 1417 MDA 2022 |
| HEXTER | : | |

Appeal from the Order Entered September 7, 2022
In the Court of Common Pleas of York County Civil Division at No(s):
2021-FC-001007-03

BEFORE:  STABILE, J., DUBOW, J., and McCAFFERY, J.

MEMORANDUM BY DUBOW, J.:                    **FILED: MARCH 8, 2023**

Sara Pickett ("Mother") appeals from the September 7, 2022 order,
issued after a custody review hearing, that confirmed a June 2, 2022 order
that awarded partial physical custody of nine-year-old A.P. and seven-year-
old R.H. (collectively, "Children") to their paternal grandfather, Appellee Bruce
Hexter ("Paternal Grandfather").  Upon review, we conclude that we lack
jurisdiction over this order, as it is not final or otherwise appealable.
Accordingly, we are constrained to quash this appeal.

The following factual and procedural history is relevant to our appeal.
Mother and Kristoffer Hexter ("Father")[1] have been involved in custody
proceedings since 2018.  Pursuant to a January 23, 2019 custody order,

---

[1] Father is a stepfather to A.P. and a biological father to R.H.  No party is
contesting Paternal Grandfather's standing to intervene.



EXHIBIT
3

Mother and Father had shared legal and physical custody of Children until Father was charged with sexually based offenses, prompting Mother to file a Petition to Modify Custody, requesting sole legal and physical custody, and Paternal Grandfather to file a Petition to Intervene, requesting visitation.  The court scheduled a custody trial.  During this time, Father pleaded no contest and was subsequently sentenced to a term of 4½ to 10 years' incarceration.

On April 11, 2022, after the first day of the ongoing custody trial, the trial court issued a Temporary Order of Custody granting Mother sole legal and physical custody of Children and Paternal Grandfather phone calls at least three times per month and partial physical custody of Children one Saturday per month.

On June 3, 2022, after completion of the custody trial, the trial court confirmed Mother's sole legal and physical custody and increased Paternal Grandfather's partial physical custody to two Saturdays per month with phone contact every other Monday at 6:00 PM.  In addition, the court ordered all parties to sign up for the Our Family Wizard computer program to communicate and ordered Mother to provide Father and Paternal Grandfather access to Children's school portal for information and records.  The trial court scheduled a two-month review hearing to ascertain progress and "ensure things are going well."  Order, 6/3/22.

On September 7, 2022, after a review hearing, the trial court confirmed the June 2, 2022 order.  Additionally, the court ordered Mother to put Children's schedule including activities, medical appointments, and therapy

- 2 -

appointments on Our Family Wizard, provide the school portal passcode to Paternal Grandfather, and sign releases so that Paternal Grandfather could speak to Children's therapist. The order scheduled another hearing for December 13, 2022. The order stated:

> The purpose of this review hearing will be: 1. The court may give Father and/or [Paternal] Grandfather joint legal custody if it deems that is in the best interest of these Children. Secondarily, the court may or may not increase [Paternal] Grandfather's physical custody rights. And finally, if Father or [Paternal] Grandfather files a petition for contempt, the hearing on December 13 may also be a contempt hearing.

Order, 9/7/22, at 3 (some capitalization changed). The order also stated that Mother had "30 days to appeal this matter." *Id.* at 4.

Mother timely appealed the September 7, 2022 order. Both Mother and the trial court complied with Pa.R.A.P. 1925.

Mother raises various issues for our review, including challenges to the weight of the evidence and the trial court's failure to consider the 23 Pa.C.S. § 5328 custody factors when granting legal custody of Children to Paternal Grandfather.[2] *See* Mother's Br. at 4.

Before reaching the merits of Mother's claims, we must first consider whether the order at issue is appealable. *See Kensey v. Kensey*, 877 A.2d

---

[2] We note that the trial court did not, in fact, grant legal custody of Children to Paternal Grandfather. Legal custody is "[t]he right to make major decisions on behalf of the child, including, but not limited to, medical, religious and educational decisions." 23 Pa.C.S. § 5322(a). Our review of the record reveals that the trial court granted Paternal Grandfather access to information, as opposed to the right to make decisions for Children.

1284, 1286-87 (Pa. Super. 2005) (explaining that the appealability of orders goes to this Court's jurisdiction to hear the appeal, and therefore this court must address the appealability of orders *sua sponte*). "It is well settled that an appeal lies only from a final order, unless permitted by rule or statute." ***K.T.R. v. L.S.***, 238 A.3d 478, 482 (Pa. Super. 2020) (citation and quotation marks omitted). Generally, a final order is an order that disposes of all claims and all parties. Pa.R.A.P. 341(b)(1). This court has repeatedly held that "a custody order will be considered final and appealable only if it is both: 1) entered after the court has completed its hearings on the merits; and 2) intended by the court to constitute a complete resolution of the custody claims pending between the parties." ***G.B. v. M.M.B.***, 670 A.2d 714, 720 (Pa. Super. 1996) (*en banc*); ***Kassam v. Kassam***, 811 A.2d 1023, 1025 (Pa. Super. 2002) (same); ***K.T.R.***, 238 A.3d at 482 (same). Both conditions must be met for the order to be considered final. ***G.B.***, 670 A.2d at 720.

After careful review, we conclude that the order at issue here is not a final order. The trial court scheduled the December 13, 2022 hearing to contemplate granting legal custody to Paternal Grandfather and increasing physical custody to Paternal Grandfather. The record indicates that the trial court, thus, has not completed the hearings on the merits and there is not yet a complete resolution of the claims between the parties. Accordingly, despite the trial court's characterization, the September 7, 2022 order is not appealable because it is not a final order, but rather an interlocutory order.

Moreover, pursuant to the Rules of Appellate Procedure, the order does not fall into any of the categories that permit the appeal of a non-final order. ***See Kensey***, 877 A.2d at 1287 (explaining that an appeal may only be taken from a final order, an interlocutory as of right, an interlocutory order by permission, or from a collateral order) (citing Pa.R.A.P. 341, 311, 312, 313.) The order is not appealable by right pursuant to Rule 311 and Mother did not seek permission to appeal pursuant to Rule 312. ***See*** Pa.R.A.P. 311, 312. Further, Mother failed to argue that this is a collateral order pursuant to Rule 313 and, upon review, we fail to discern how this order is "separable from and collateral to the main cause of action where the right involved is too important to be denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost" as required by Rule 313.  Pa.R.A.P. 313(b).  Accordingly, the order is not appealable, and we do not have jurisdiction to entertain this appeal.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/8/2023

- 5 -

J-A04018-23

Respectfully Submitted,

Date:  August 10, 2021

Rich Raiders, Esq.
Attorney 314857
Raiders Law PC
1150 Chestnut Street
Lebanon, PA  17042
484 509 2715 voice
610 898 4623 fax
rich@raiderslaw.com
Attorney for Defendant