IN THE COURT OF COMMON PLEAS OF YORK COUNTY,

PENNSYLVANIA

| | |
|---|---|
| SARA PICKETT,<br>    Plaintiff | : No. 2021-FC-001007-03 |
| VS | : |
| KRISTOFFER HEXTER,<br>    Defendant | : |
| VS | : |
| BRUCE HEXTER,<br>    Intevenor | : |

(Custody Trial)

York, Pa., Thursday, April 7, 2022

Before the Honorable N. Christopher Menges, Judge

APPEARANCES:

    Josh Bodene, Esquire
    For the Plaintiff

    Joshua A. Harshberger, Esquire
    For the Defendant
    For the Intervenor

    \* \* \*

TEMPORARY ORDER OF CUSTODY

25    In this matter, this custody trial needs

1

EXHIBIT 7

completed. Mother has to put on her case, and the Court has been advised that should take an hour to an hour-and-a-half.

Accordingly, the Court does schedule this to be finished on June 2, 2022, at 1:30 p.m. The Court has allowed one-and-a-half hours to finish this. Father and/or grandfather may participate by Zoom rather than live if they so prefer.

In the meantime the Court issues the following temporary order:

First of all, for both of these children, Riley and Aubrey, mother has sole legal and sole physical custody. However, for both children, mother will furnish to father all educational, medical, counseling, and all other records to father within 48 hours of her receiving them by her putting them in the United States mail postage prepaid within 48 hours of her receiving them. Hopefully, father will receive them somewhat shortly thereafter.

The Court is cognizant that the United States mail takes a long time these days. But father doesn't seem to have any other way of receiving these

2

things. So for now, mother will send them to father through the United States mail. When mother sends records to father, confidential information such as social security numbers may be redacted.

Mother may also choose to mail the documents to Attorney Harshberger who will then mail it to father through attorney records. I will leave that to the parties to work that out.

Additionally, father may have phone contact with Riley only for up to 30 minutes one time per week, and it can be by Zoom or other video. The times will be agreed to by the parties. Additionally, father may write letters to Riley through mother.

Father is to have no contact with Aubrey in any way at any time until further order of court.

Grandfather, also known as Pop Pop, will have partial physical custody of both children one time per month for ten hours. That will be on a Saturday from 9 a.m. until 7 p.m. The first Saturday will be this coming Saturday, April 9, 2022, and the second Saturday of each month thereafter.

Pop Pop, Mr. Bruce Hexter, will both

pick up the children at mother's residence and deliver the children to mother's residence at the conclusion of the ten hour time period.

Additionally, the grandfather, also known as Pop Pop, may have phone or video times with these two children as he may arrange with mother; but they should be at least three times per month.

Finally, mother is ordered to contact a therapist of her choice and try to commence some therapy for Aubrey to at the very least deal with her issues relative to her biological father or psychological father, which she refers to as her brother's father, the interplay of that issue, as well as the fact that her brother's father, the psychological father, is currently incarcerated and will be for some time. Obviously, the therapist can address other issues as the therapist may deem appropriate.

Both counsel will have access to any and all contact with or records by said therapist. This is a temporary order only until we finish this trial on June 2, 2022.

```
1
2
3
4              Copies to Attorneys Harshberger and
5     Bodene.
```

BY THE COURT:

_____
N. Christopher Menges, Judge

sar
4/8/2022
No. 2021-FC-001007-03